RICHARD NORRIS, JR., *vs.* WILLIAM H. JOHNSON.

*Corporations — Individual Liability of Stockholders of a Manufacturing Company, under Section 52 of Article 26 of the Code of Public General Laws—Extent of such Liability—How enforced.*

The individual liability of a stockholder of a manufacturing company, (organized under Article 26 of the Code of Public General Laws,) for debts due by the company, may be enforced in an *action at law* against such stockholder, by one creditor, even where others are shown to exist.

The extent of the liability of each stockholder is measured by the par value of the stock held by him at the time the debts were contracted, continues at least until all the capital stock is paid in, and is in no way affected by the amount thereof that may at any time remain unpaid.

APPEAL from the Superior Court of Baltimore City.

The case is fully stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., MAULSBY, MILLER and ALVEY, J.

*Robert J. Brent,* for the appellant.

One creditor of a corporation cannot sue *at law* a stockholder thereof, where it is shown that other creditors exist. The proceeding must be a creditors' bill in equity against the individual stockholder, as all have an equal interest, and one cannot appropriate the individual liability of, perhaps, the only solvent stockholder, to his exclusive use. *Briggs vs. Penniman,* 8 *Cowen,* 592, 593 ; *Stedman vs. Eveleth,* 6 *Metcalf,* 119 ; *Crease, et al. vs. Babcock, et al.,* 10 *Metcalf,* 532 ; *Erickson, et al. vs. Nesmith,* 15 *Gray,* 222 ; *Harris vs. First Parish in Dorchester,* 23 *Pick.,* 114 ; *Mann vs. Pentz.,* 3 *N. Y.,* 422.

*Charles Marshall* and *Wm. A. Fisher,* for the appellee.

The only questions presented are :

*First :* The effect of the fact that the appellant had paid up his subscription.

*Second:* The right of the appellee to sue the appellant alone, *at law.*

On the first point this Court has decided, in construing the 9th section of the Act of 1852, ch. 358, (which is nearly identical in language, and entirely similar in its legal import, to the provisions of Article 26, section 52 of the Code of 1860,) that the liability exists without reference to the amount the subscriber may have paid on his subscription. *Matthews, &c. vs. Albert, &c.,* 24 *Md.,* 535, 536 ; *Angell & Ames on Corporations, sec.* 621.

The second point involves the right of one creditor of such corporation to sue one stockholder at law, it being admitted that there were other unknown creditors of the company.

The only case in this State which touches the question, is that of *Matthews, &c. vs. Albert, &c.,* 24 *Md.,* 538. That was a proceeding in equity against all the stockholders, and the Court there say that "it is just and proper that such other stockholders as are liable under the statute, should contribute ratably their proportion of the complainant's claim." This language is used with reference to that case, and must be understood and construed as applicable to a case in which a creditor does not seek to enforce the *several* liability of *one stockholder,* but contents himself with calling upon *all the stockholders for contribution.* The equitable rule is laid down by the Court, but it does not necessarily exclude the creditor from insisting upon his right to adopt a different form of action, and proceed upon the several liability of any stockholder.

The Code gives the right asserted by the appellee. The personal liability created by the statute amounts to a contract between each stockholder severally, and each creditor who becomes such while the stockholder is a member of the corporation.

The Legislature could not take away the liability of the stockholders, after it had once attached. *Hawthorne vs. Calef,* 2 *Wallace,* 10, 23.

Norris *vs.* Johnson.

The moment the corporation contracts a debt, two contracts arise under the law. The one is the contract of the corporation, which it is bound to fulfil to the extent of its corporate property. The other is coëxisting, and is a contract between the creditor and each subsisting stockholder severally, that if the capital stock be not fully paid up, as required by law, the stockholder will pay the debt out of his own property, to the extent of the par value of his stock. There is nothing in such a contract to make it necessary for the creditor to resort to a Court of Equity to enforce it. It may subject the stockholder to several suits, but that is the consequence of his making a contract with several creditors. He cannot vary the right of one creditor, by making a contract with another. To hold that the creditor must seek contribution from all the stockholders, is in effect to hold that the liability of the stockholder is limited to his contributory share of the debts of the company, and not to the par value of his subscription as provided by law. *Bank of Poughkeepsie vs. Ibbotson*, 24 *Wend.*, 473; *Garrison vs. Howe*, 17 *N. Y.*, 462; *Abbott vs. Aspinwall*, 26 *Barb.*, 207; *Paine vs. Stewart*, 33 *Conn.*, 516, 529; *Bullard vs. Bell*, 1 *Mason*, 297; *Angell & Ames on Corp.*, secs. 611, 624, 626; *Hawthorne vs. Calef*, 2 *Wallace*, 10, 23.

The stockholder, when sued by one creditor, cannot set up any defence to his statutory liability, except some right in himself. He is bound to pay a certain sum of money, and, no matter how many creditors there may be, he can only be required to pay that sum. He cannot urge in his defence that other unknown creditors may claim a share of what he owes.

[The counsel for the appellee further relied on the argument made by Mr. Rowland, in behalf of the appellee, in the succeeding case of *Norris vs. Wrenschall*, argued at the same time.—Rep.]

MILLER, J., delivered the opinion of the Court.

This is an action at law by the appellee as a creditor, against the appellant as a stockholder of the " Baltimore City

Concrete Company," a corporation formed under the provisions of the Code, (Article 26,) relating to corporations for manufacturing purposes. The suit is to enforce the individual liability of the defendant under section 52 of that Article, and the declaration is framed upon that section. All errors in pleading were waived, and it was agreed the parties may recover or defend upon any facts offered in evidence, without reference to the state of pleadings. By agreement, it was admitted that the company was duly incorporated under these provisions of the Code, in March, 1866, with a capital stock of $100,000, in one thousand shares each, of the par value of $100; that in January, 1869, the company became indebted to the plaintiff in the sum of $471.10 for goods sold and delivered, and work done and materials furnished; that at the time this debt was contracted, the defendant was a stockholder, holding one hundred and ten and a half shares, which he fully paid up, and continued to hold them at the time of trial; that the whole amount of its capital stock has never been paid in, and a greater amount thereof is unpaid than the amount of the plaintiff's claim; that the corporation has other creditors, whose number and the amount of their claims are unknown; and that the defendant, before suit brought, tendered to the plaintiff the sum of $72.96, as the amount which he owed him. The Court instructed the jury, that if they believed these facts, the plaintiff was entitled to recover the full amount of his claim, and refused a prayer of the defendant to the effect that the plaintiff could not recover because other creditors equally entitled to enforce the personal liability of the defendant, are not joined in the action, and to these rulings the defendant excepted.

The provisions of the section are, that " all the stockholders of any such corporation shall be severally and individually liable to the creditors of the corporation in which they are stockholders, to an amount equal to the amount of stock held by them respectively, for all debts and contracts made by the corporation, until the whole amount of the capital stock fixed

and limited by the corporation, shall have been paid in—one-half thereof in one year, and the other half in two years from and after the incorporation of said company—or such corporation shall be dissolved."

It is not necessary, for the purposes of this case, to determine some of the questions arising upon the construction of this section. For instance, we need not decide whether the liability for all debts contracted before the capital stock is paid in, continues after that event, and until such debts are all paid, or whether all antecedent liability is released and terminated by that event, because the plaintiff's case is within either construction. But it is quite clear, the extent of liability is measured by the par value of the stock held by each stockholder at the time the debts are contracted, and is in no way affected by the amount of capital that at any time may remain unpaid. The sole question we are now called upon to decide is, can this liability be enforced by one creditor, where others are shown to exist, against an individual stockholder, or must the creditor resort to equity for relief? It is to be observed that this section, unlike in that respect similar laws in some of the States, is silent as to remedy, prescribing no form, and designating no tribunal where relief may be had. In such case, it is unanimously conceded the creditors may have relief in equity, but the controverted question is, have they not also the right to sue at law. In *Matthews vs. Albert*, 24 *Md.*, 527, the only case that has hitherto arisen in this State on the subject, the creditors filed a bill in equity, but the Court was careful not to decide against the remedy at law. In other States, the point has been determined in numerous cases, all of which have been cited in argument, and have received our most careful consideration.

By the decisions in New York, under similar statutes, the question has been settled in favor of the right to sue at law. Amongst the many cases on the subject in that State we refer to *Bank of Poughkeepsie vs. Ibbotson*, 24 *Wend.*, 473, and *Gar-*

*rison vs. Hawe*, 17 *N. Y.*, 548, because they contain the reasoning on which they maintain the right. That reasoning, which appears to us to be forcible and just, is briefly this: the ground and extent of the liability being distinctly given and defined, there can be no greater difficulty in establishing or resisting the demand in a Court of Law than in a Court of Equity. It is true the stockholder may be subjected to several suits, but he can be charged only to the extent of his stock; by proving payment of debts or a personal charge in respect to them to this amount, there is an end of further liability, and he can show this as easily at law as in equity. Again, both policy and convenience require that the creditor should have this right, for in the case of small debts the proceeding for an account in equity would be so tedious and expensive as to destroy the value of the remedy.

In Massachusetts the line of decisions is different, and it is there held that the creditor is confined to his remedy in equity. In favor of that doctrine it is said the remedy in equity is more beneficent in its operation, and will work less hardship on parties liable as stockholders than an action at law, that it compels the party seeking to enforce the liability to join in the suit all the parties in interest who can be affected by the decree; that it avoids multiplicity of suits, apportions the liability amongst all the stockholders, and in the same suit which charges them, decrees contribution from each of his respective share of the general burden; whereas by an action at law each creditor may pursue his separate remedy against an individual stockholder, compel him to pay the entire debt and place on him the burden of obtaining contribution from those equally liable with himself. *Harris vs. First Parish in Dorchester*, 23 *Pick.*, 112; *Erickson vs. Nesmith*, 15 *Gray*, 221. This reasoning seems to us to proceed upon the assumption that it is the duty of the Courts in determining where relief shall be had, to consult the interest and convenience of the stockholders exclusively, rather than to afford a speedy and efficient remedy to the creditors. But

the law was not enacted in the interest or for the benefit of stockholders. It imposes a liability upon them for the security and protection of creditors, and if the burden and delay of a chancery suit is to be incurred by any one, why throw it upon those for whose protection the provision was made, and who trusted the corporation, relying upon this personal responsibility of its stockholders? They become stockholders in these corporations voluntarily, and risk their money in them for expected gain to themselves, and with full knowledge of the nature and extent of the liability, the law says they shall assume in so doing. In this way credit is given to the corporation that contracts the debts, and when debts are thus contracted we see no objection to permitting any creditor to seek out any responsible stockholder and sue him at law for the debt, and place on him the burden of proceeding in equity to obtain contribution from others equally liable with himself. The creditors, as amongst themselves, may here, as in other cases, be well left to a race of diligence in the recovery of their claims, especially when the extent of recovery as against any one stockholder is limited, and he can show that that limit has been reached as a defence to any further suits. It is true he may be thus compelled to pay more than his share looking to the like responsibility of other stockholders, but for this he has his remedy in equity for contribution. There is no injustice in holding, it is for him to seek this mode of relief, when it is considered the law has provided that all this personal liability may be avoided by paying up the capital stock at the time of subscription and formation of the corporation, or before any debts are contracted. In our opinion the weight of reason as well as authority is in favor of sustaining the action, and this judgment must therefore be affirmed.

*Judgment affirmed.*

(Decided 20th June, 1871.)