# CIRCUIT COURT NO. 2 OF BALTIMORE CITY.

Filed January 4, 1908.

JOHN A. MURPHY ET AL.

VS.

WILLIAM A. WHEATLEY ET AL.

*Joseph C. France, William Reynolds* and *Martin Lehmayer* solicitors for plaintiff, Augustus C. Binswanger, receiver.

*Vernon Cook* for receivers of Miners and Merchants Bank of Lonaconing.

*Charles W. Field* for Kummer & Becker.

*William E. Bonn* and *Daniel H. Hayne* for John A. Yakel, trustee, et al.

*Richard Bernhard & Sons* for William T. Donnelly.

*Alfred J. Shriver* for John O'Donovan.

*John H. Richardson* for William J. Cunningham et al.

*Isaac L. Straus* for David Bendann et al.

*Richard B. Tippett & Bro.* for David M. Andrew.

*George Whitelock* and *Judge Fowler* for Eldridge Packham, Jr.

*Gibson & Smith* for John Redwood.

*S. S. Field* for Grayson W. Sharretts.

*Gill & Preston* for Albert H. Carroll.

*William S. Bryan, Jr., Calvin G. Chesnut, John M. Carter, Fleet W. Cox, Miles & Morris, Maurice E. Skinner, Frank G. Turner, Henry W. Fox* and *others* for various defendants.

DOBLER, J.—

So far as the questions of evidence are concerned, the exceptions to the admissibility of evidence admitted by the Special Auditor and Master, are overruled. I would, however, admit the papers in the case of John A. Sheridan, vs. the City Trust and Banking Co. in this Court, and particularly the notes held by the Miners and Merchants Bank of Lonaconing.

Stockholders are liable for debts created while they are such and not for debts created prior to the acquisition of their stock nor for debts contracted after the bona fide disposal of their stock. The creditors resort against stockholders in each case must be limited to the stockholders existing at the time of the contracting of their respective debts. Therefore a payment in full of his statutory liability by an individual stockholder can simply release him, and not the stockholder from whom he may have received his shares nor the stockholder to whom he may have assigned the same.

The application of this doctrine may cause successive owners of a given share of stock to contribute in the aggregate more than an owner of another share held during the entire existence of the company may be called upon to pay, but in no case will any stockholder be compelled to discharge more than the obligation the statute imposed upon him by reason of his stockholding.

A stockholder of the City Trust and Banking Company by his holding in effect said: "I am interested in this company to a given extent and have such confidence in its management that I stand ready and willing to be responsible in an amount equal to double the par value of my stock for all debts contracted by the company so long as I remain such stockholder, and no longer."

If depositors and creditors are to receive the benefit of Section 85 L, (Acts of 1892, Chap. 109), they must be able to learn who the stockholders are when the debts are contracted. And if stockholders are to be held responsible to depositors and creditors from the mere fact of their holding stock, it is but reasonable that both parties be bound to take constructive notice of what either may ascertain, viz: the length of time any shares may be held and the nature of the debts contracted with the company, invited by the company and relying upon the statutory liability of the existing stockholders a deposit is made, say in the Savings Department, whereby the company undertakes to receive the same upon an agreed rate of interest, principal and interest payable upon demand of the depositor. Some time thereafter a person who held the deposit when the deposit was made bona fide sells his stock and retires from participation in the management of the company.

Of this fact the depositor may have actual and must take constructive notice. The stockholder has equal knowledge of the depositor's right to make immediate demand upon the company and upon him to return the deposit. Under these circumstances, in my opinion, limitations should begin to run against the depositor and in favor of the stockholder at the time of the bona fide disposition of the stock.

As between a stockholder and a creditor other than a depositor the statute should begin to run from the time the creditor had his first right to sue the stockholder after the disposition of his stock, and the stockholder should also be entitled to the statute whenever the company might avail of it if sued upon the same claim. The stock is to be considered as disposed of at the time the certificate with a proper power of attorney to effect the transfer is delivered to the proper officer of the company with instructions to transfer it, whether or not the transfer is actually made on the books of the corporation.

Where stock is held without anything upon the books or the certificate to show that it is not the absolute property of the holder, as in the case of that standing in the name of Messrs. Kummer and Becker, the construction placed by our Court of Appeals upon the provisions of the National Banking Law in the case of Magruder vs. Colston, 44 Md., 329, must be applied in this case rather than the construction in Matthews vs. Albert, 24 Md., 527, of Section 13 of the Act of 1852, Chapter 338, relating to manufacturing com-

panies (afterwards made applicable by the Act of 1868, to all corporations created under the general law).

The City Trust and Banking Company was not incorporated under the general law. It could not have. been so created. The statutory liability in this case is quite distinct from the liability provided for in the general law. There is no intimation in Section 39 of Article III of the Constitution of Maryland, nor in the Act of 1892 (passed in pursuance of said 39th section) subordinated to which in express terms the charter of the City Trust and Banking Company was granted, that creditors must look beyond the legal title as exhibited by the books of the company, Such holders of stock must be held responsible to the depositors and creditors of the company.

The original answers of Messrs. Redwood, Sharretts and Carroll were full and complete contesting the claims made against them in the bill. They must be taken as having waived the defence of limitations. Their subsequent pleas of limitations cannot now be considered. The plea of limitations on behalf of Eldridge Packham filed January 16th, 1907, must be regarded as in due time under the decision in the case of Belt vs. Bowie, 65 Md., 350.

ORDER FOLLOWING ABOVE OPINION.

The cause coming on to be heard upon the exceptions of the receivers of the Miners and Merchants' Bank of Lonaconing, filed August 15th, 1907, John A. Yakel, trustee, et al., filed August 23rd, 1907, William J. Donnelly, filed August 24th, 1907, John A. Murphy, plaintiff, and Augustus C. Binswanger, receiver on behalf of all parties plaintiff, filed August 26th, 1907, John H. O'Donovan, filed August 29th, 1907, William J. Cunningham et al., filed August 29th, 1907, David Bendann et al., filed August 31st, 1907, and David M. Andrew, filed August 31st, 1907, to the report and account of the special auditor and master which report and account was filed in this Court, July 24th, 1907.

It is this 4th day of January, 1908, adjudged and ordered that said report and account be, and the same is, hereby finally ratified and confirmed, as to all parties plaintiff and defendant, except as hereby modified.

So much of said report and account as sustains the exceptions of the defendants to the introduction of all papers in the case of John A. Sheridan Company vs. The City Trust and Banking Company, as also the notes held by the Miners and Merchants Bank of Lonaconing, be, and the same are hereby overruled.

So much of said report and account as relieves any stockholder defendant by virtue of the following rulings of the special auditor and master, to wit:

(1) The rulings in respect to limitations in conflict with the opinion of this Court, filed on the 4th day of January, 1908.

(2) That the holder of stock who has paid his statutory liability, thereby relieves either a prior or subsequent holder from his statutory liability.

(3) That Kummer and Becker, defendants herein are relieved of their statutory liability.

Said rulings be, and the same are, hereby overruled.

The exceptions of the plaintiff and receiver to the amended answers of John Redwood, Grayson W. Sharretts and Albert H. Carroll that the defense of limitations set forth in the amended answers be disallowed, said exceptions be, and they are, hereby unsustained.

The exceptions of the plaintiff and receiver to the answer of Eldridge Packham, Jr., that the defense of limitations pleaded after decree pro confesso, and after the closing of said plaintiff's testimony, before said special auditor and master, be disallowed, said exceptions be and they are hereby dismissed.

All exceptions to said report and account not covered by the modifications hereinbefore set forth, be, and the same are, hereby dismissed.

Be it further adjudged and ordered that the case be, and it is, hereby referred to S. Johnson Poe, Esq., auditor, with authority and direction to state an account showing the amounts due by the stockholder defendants respectively to Augustus C. Binswanger, Esq. Receiver in accordance with the report and account of the special auditor and master as herein modified and confirmed.

JOHN J. DOBLER.