# PITTSBURG STEEL COMPANY *vs.* BALTIMORE EQUITABLE SOCIETY.

*Constitutional Law—Impairing Obligation of Contract— Change in Remedy Given to Creditors of Corporation Against Stockholders—Who May Question the Constitutionality of a Statute.*

When the means and remedies provided by law for the enforcement of a contract are so changed by a subsequent law as to lessen the value of the contract or to affect a substantial right secured by it, the subsequent law is void because in conflict with the provision of the Federal Constitution, which declares that no State shall pass any law impairing the obligation of contracts. But a subsequent law modifying or changing the remedy for the enforcement of an existing contract is valid when it provides another remedy as efficacious as the previous one, and by which no substantial right is impaired.

Prior to the enactment of the Act of 1908, Chap. 305, the creditor of a corporation was entitled to bring an action at law against any stockholder therein who had not fully paid his subscriptions for the stock and who was such at the time the debt to the creditor was contracted, and the creditor could recover from him to the extent of the balance due on his stock subscription. But the institution of such suit did not give to the creditor any exclusive right to the sum due by the stockholder to the corporation for his sotck. Other creditors could afterwards bring suits against the same stockholder, and if they obtained judgment earlier they would be entitled to the balance due, or the stockholder could voluntarily pay any other creditor of the corporation and thus extinguish his liability. While this law was in force, plaintiff brought an action as creditor of a corporation against the defendant to enforce his liability as a stockholder who had not fully paid for his shares. Before a judgment was entered the Act of 1908, Chap. 305, was passed, providing that

pending actions at law to enforce stockholders' liability to creditors of a corporation should be abated, and that their liability should be enforced by a bill in equity on behalf of all of the creditors of the corporation against all the stockholders resident in the State, the amount recovered to be divided among the creditors *pro rata*. *Held*, that this change in the remedy afforded to the creditor to enforce the liability of stockholders did not impair the obligation of the contract within the meaning of the provision of the Federal Constitution, since the new remedy provided by the Act of 1908 is more adequate and efficacious than that which existed under the previous law, and that the Act of 1908 is valid.

A party whose rights are not affected by the provision in the statute relating to the time within which suit should be instituted will not be heard to question the constitutionality of such provision.

The General Incorporation Law, Act of 1908, Chap. 240, which took effect June 1st, 1908, provided that it should not affect the rights and remedies of creditors of corporations existing on that day. *Held*, that, although this Act is a substitute for the law relating to corporations then in force, it expressly saves the rights given to creditors by the Act of 1908, Chap. 305.

*Decided March 31st, 1910.*

Appeal from the Superior Court of Baltimore City (Stockbridge, J.).

The cause was argued before Boyd, C. J., Briscoe, Pearce, Schmucker, Burke, Thomas, Pattison and Urner, JJ.

*J. Kemp Bartlett* (with whom was *Wm. H. Surratt, L. B. Keene Clagett* and *R. Howard Bland* on the brief), for the appellant.

*Vernon Cook* and *Wilton Snowden, Jr.,* for the appellee.

SCHMUCKER, J., delivered the opinion of the Court.

This appeal raises the issue of the constitutionality of Chapter 305 of the Acts of 1908, which abated pending actions at law to enforce a stockholder's liability to the creditors of a corporation and substituted therefor a creditor's bill in equity.

The present suit was instituted in the Superior Court of Baltimore City on February 21st, 1908, by the appellant as a creditor against the appellee as a stockholder of the South Baltimore Steel Car and Foundry Company. The declaration contains six common counts in assumpsit, and one special count alleging that the plaintiff is a creditor of the company in the sum of $4,021.59 and that at the time he became such creditor the defendant held stock in the company to the par value of $9,000, on the subscription for which a balance of $3,000 remained due and unpaid. The plaintiff claimed the right to recover that unpaid balance.

The defendant filed general issue pleas to the first six counts and demurred to the seventh. Before any further proceedings were had in the case, the Act of 1908, Chapter 305 was passed. That Act by repealing and re-enacting section 64 of Article 23 of the Code of 1888 and adding section 64A, made a bill in equity the exclusive remedy for the enforcement by creditors of corporations of the liability to them of the stockholders for any unpaid balances due on their stock. The Act further provided that it should become operative as of July 1st, 1907, and that all actions at law for the enforcement of such liability instituted after that date and prior to the passage of the Act should be abated.

Then the defendant in reliance upon the Act moved in the Court below to abate the suit. The Court granted the motion and entered judgment of dismissal in favor of the defendant, and the plaintiff appealed.

The appellant contends that the retrospective provision of the Act abating actions at law to enforce the liability of stockholders, begun since July 1st, 1907, is in violation of sec. 10 of Art. 1 of the Federal Constitution forbidding any

State to pass a law impairing the obligation of contracts. The law is well settled that the right of the creditor to recover against the stockholder is one founded on a contract which the law conclusively presumes to exist between those parties.    In *Brandt* v. *Ehlen,* 59 Md. 27, our predecessors said: "All of the decisions in this country agree that the right of the creditor to recover against the stockholder rests on the liability of the latter to the corporation and that this liability is one founded on contract."    See also *Norris* v. *Wrenschall,* 34 Md. 501-2; *Matthews* v. *Albert,* 24 Md. 535; *Hager* v. *Cleveland,* 36 Md. 492; *Garling* v. *Bechtel,* 41 Md. 325; *Colton* v. *Mayer,* 90 Md. 717; *Coulbourn* v *Boulton,* 100 Md. 354; *Crawford* v. *Rohrer,* 50 Md. 605; *Norris* v. *Johnson,* 34 Md. 489.

The law as to the extent to which an existing remedy for the enforcement of the obligation of a contract is to be considered as part of the contract itself, and the character of a subsequent change in such remedy which will operate to impair the contract is well stated in *Seibert* v. *Lewis,* 122 U S. 294, cited and relied on in appellant's brief.    In the opinion in that case the Supreme Court say: "It is well settled by the decisions of this Court that the remedy subsisting in a State when and where the contract *is* made, and *is* to be performed, is a part of its obligation, and any subsequent law of the State which so affects that remedy as substantially to impair and lessen the value of the contract is forbidden by the Constitution, and is therefore void.    It had been previously said, upon a review of the decisions of the Court in *Von Hoffman* v. *City of Quincy,* 4 Wallace, 535, 553: 'It is competent for the States to change the form of the remedy or to modify it otherwise as they may see fit; provided no substantial right secured by the contract is thereby impaired. No attempt has been made to fix definitely the line between alterations of the remedy which are to be deemed legitimate and those which, under the form of modifying the remedy, impair substantial rights.    Every case must be determined

upon its own circumstances. Whenever the result last mentioned is produced the Act is within the prohibition of the Constitution, and to that extent void.' "

The doctrine is most strongly stated in *Bryan* v. *Virginia,* 135 U. S. 693, as follows: "It is well settled by the adjudications of this Court that the obligation of a contract is impaired in the sense of the Constitution by an Act which prevents its enforcement or which materially abridges the remedy for enforcing it which existed at the time it was contracted, and does not supply an alternative remedy equally adequate and efficacious."

In order to apply the test thus laid down to the Act under consideration it is essential to determine what was the remedy for the enforcement of the stockholder's liability to which the creditor was entitled before the passage of the Act, and what was the new remedy which it provided for him. It is conceded that before the passage of the Act any creditor could sue at law any stockholder who was such at the time the debt was contracted and recover from him to the extent of the balance due on his stock subscription, or he could enforce his claim by a bill in equity. *Norris* v. *Johnson, supra; Crawford* v. *Rohrer, supra.* The right of the creditor to thus sue at law was not a separate or exclusive one of his own, which could be satisfied only by payment to him individually. It was a mere right held by him in common with all other creditors of the corporation to whom the stockholder was liable, and one which the stockholder could satisfy and destroy by payment to any other or others of such creditors. The right, therefore, of the creditor under such circumsatnces to bring a separate suit at law for an obligation which the debtor might satisfy by payment to a stranger to the suit was not a very valuable right. It was in a certain sense an individual right of action, but it bore only a slight resemblance to the right of a creditor to maintain a suit against his own debtor to recover an obligation due to no one else than himself. If, as we have decided in *Matthews* v. *Albert, supra,* the stockhodler is to be regarded as a "debtor under

the statute to the creditors of the corporation" who became such while he was a stockholder, then he, being under the obligation of a debtor to all of them, must have had the correlative right to discharge his obligation by payment to any of them and have been free to select the one to whom to make the payment. We held in *Garling v. Bechtel, supra,* that the extent of the stockholder's liability was limited to the par value of his stock less such sums as he had paid on account thereof to the corporation or had been compelled *to pay to others of its creditors.*

. Now, what remedy did the Act substitute for the uncertain one to which we have referred ? The Act recognized and maintained the obligation of the stockholder to the creditors to its fullest extent, but merely required its enforcement by a bill of equity on behalf of all of the creditors against all stockholders resident in the State, and thus secured to each creditor an equal opportunity to certainly recover an equitable proportion of the liability of all of the stockholders. If the change in the form of remedy thus made by the Act deprived the creditor of an existing remedy it certainly furnished him with an alternative one equally adequate and efficacious. The separate right of action at law existing in the creditor against the stockholder before the passage of the Act, although having had the appearance of a reliable and efficient remedy, has been found upon close scrutiny to have been, in practice, a precarious and uncertain one. The remedy supplied by the Act is a more adequate and efficacious one. The Act protects the creditor, whose suit at law has been abated by its operation, from loss of the costs thereof by providing that they shall be taxable in the proceedings in equity.

We had occasion to pass upon the constitutionality of a statute having a precisely similar operation to the one now before us in the case of *The Miners Bank* v. *Snyder,* 100 Md. 57, and held it to be valid. The Act of 1904, Ch. 337, there considered, related to suits against stockholders of banks or trust companies. It also took away the separate right of ac-

tion at law theretofore existing in the creditor against the stockholder and provided that a bill in equity similar to the one prescribed by the Act of 1908 should be the exclusive remedy. · The Act of 1904, like the present one, was by its terms made operative from a date anterior to its passage and directed the abatement of suits at law brought subsequent to that date.

In that case will be found a full discussion of the questions involved in the present issue, with an examination of the authorities bearing on them, and we therefore do not repeat the discussion here.

Our attention has been called to the fact that a conclusion different from our own, in reference to the exact questions presented in *Miners Bank* v. *Snyder,* was reached by the U. S. Circuit Court for the Middle District of Pennsylvania in the case of the *Knickerbocker Trust Co.* v. *Myers,* 133 F. R. 764, which was affirmed on appeal by the U. S. Circuit Court of Appeals for the Third Circuit in 139ᵗ F. R. 111.

We have examined those cases and, yielding to the Courts by which they were decided the respect due to their high position and recognized ability, we are unable to accept as correct the conclusions at which they have arrived. In our judgment the learned authors of the opinions in those cases have overestimated the adequacy and value of the right to sue the stockholder at law, enjoyed by the creditor before the passage of the Act.

JUDGE ARCHBOLD, in the opinion in the Circuit Court, when alluding to the race of diligence open to the creditors in their actions at law against the stockholder, uses the expression "the first to sue being entitled to the whole until paid." JUDGE GRAY, in the opinion in the Circuit Court of Appeals, speaks of the right of the creditor suing at law having become "exclusive of every other creditor as to the particular defendant."

Neither the Act of 1904, Chap. 337, in issue in *The Miners Bank Case,* nor the Act of 1908, Chap. 305, in issue here,

gives to the creditor suing the stockholder at law any lien or priority, *by reason of having brought suit,* upon the debt due by the defendant stockholder to the corporation. Nor does the entry of suit by one creditor exclude the other creditors from suing the same stockholder and recovering the entire debt due by him if they can secure earlier judgments. It is the *recovery of judgment,* not the entry of a suit that gives to the suing creditor the exclusive right to the debt due by the defendant stockholder. In *Garling* v. *Bechtel, supra,* it was held that the mere bringing of suit by one creditor against a stockholder does not constitute a defense to a suit by another creditor.

The laws creating the liability of the stockholder which were in force at the time of the passage of the Acts making the remedy in equity exclusive were silent as to the remedy. The practice of enforcing the liability by an action at law grew up under the decisions of this Court, which held the liability to be a debt due under the statute by the stockholder and therefore recoverable at law.

The Act also contains a provision touching the running of limitations against the claims of creditors which had been sued on at law prior to its passage, but as it does not appear from the record that the rights of the appellant are affected thereby he cannot be heard to raise the question of its constitutionality. *A. and E. Encyc.,* Vol. 6, p. 1090; 8 *Cyc.* 787-8; *Red River Valley Bank* v. *Craig,* 181 U. S. 558; *Lampasas* v. *Bell,* 180 U. S. 283-4; *Phinney* v. *Sheppard and Enoch Pratt Hospital,* 88 Md. 639; *Joesting* v. *Baltimore,* 97 Md. 594.

We do not think that Chapter 240 of the Acts of 1908 affects the status of the present suit or the rights of the parties to it. That Act, as its title declares, was passed to revise the corporation laws of the State by repealing certain specified sections of Article 23 of the Code and substituting new sections in their stead. By it sections 1 to 92 of Article 23 are among those repealed for which new sections numbered from 1 to 79 inclusive are substituted. The new sections make

some changes in the nature and extent of the liability of the stockholders of a corporation to its creditors but section 79 distinctly saves all existing rights and remedies of creditors and stockholders as of June 1st, 1908, in comprehensive terms. It says: "Nothing herein shall release, affect or impair the rights of any creditor or creditors of any corporation or the obligations or liability of any corporation or of any stockholder or of any corporate officer existing on the said first day of June, in the year nineteen hundred and eight (1908), or the remedies to enforce or protect the same."

Chapter 240 of the Acts of 1908, did not take effect until June 1st, 1908, but Chapter 305 by its express terms took effect from the date of its passage. It was approved by the Governor on April 6th, 1908, and was therefore in operation prior to June 1st, 1908, and the rights and remedies conferred by it on creditors of corporations against their stockholders were within the saving clause of section 79 of Chapter 240.

For the reasons which we have stated in this opinion the judgment appealed from must be affirmed.

*Judgment affirmed with costs.*