Judge Wright
delivered the opinion of the court:
On the trial of this cause, all the evidence offered by the plaintiff, in support of the issue on his part, was objected to, and ruled out, upon the ground that the suit was brought to enforce a penal law of Indiana. The plaintiff then became nonsuit, and now moves to set aside the nonsuit and for a new trial, because the ■court erred in rejecting the evidence.
The case presents the single inquiry, whether the plaintiff’s action is founded upon a penal law of Indiana ? No *one can read the declaration without observing that the bill of the plaintiff, as set forth, requires of the court, not only the application of the local law to the construction of the contract, but to give effect to a law of that state inflicting a penalty. It has been frequently ■decided, and is now settled, that the penal laws of on.e state can have no operation in another state, or be enforced by the courts ■of another. Penal laws are strictly local, and affect nothing more than they can reach. 1 H. Blk. 135; Foliot v. Ogden, Cowp. 343; 14 Johns. 340.
The right of the plaintiff to recover, rests upon the matters without the bond. The provisions of the statute laws of Indiana are introduced in the declaration, as the foundation of the plaintiff’s right. He seeks to recover on the bond given to the State of Indiana, because he has been injured by the misfeasance and false return of a public officer of that state. The common method of proceeding in such cases, in this state, is by action on the case. The right once established at law, you may then sue on the official ■bond, if the injury complained of be such that the securities are held for it. The claim here is to resort to the bond in the first instance, and charge the security before any default of the principal is established. This claim to change our law of the remedy on bonds, is sought to be sustained on the statute of another state. ■Can the practice of our courts be controlled by the legislative acts •of a sister state ? The plaintiff sets forth in his declaration, that by the law of Indiana, it is provided that for the illegal and fraudulent acts of a collector, a suit is given to the party injured, to sue upon the official bond; to recover treble damages, full costs and ■charges, by reason of which an action hath accrued to him. The provision of the law relied upon, is this: “That if any person shall be injured, or sustain damage by a false return of any collector, made to any precept under the provisions of this act, or other illegal *201 ■or fraudulent acts of such collector, such individual, upon suit to be brought against such collector and his securities, upon their said bond, for the use of such individual, shall recover, treble damages, .and full costs and charges.” If, instead of an action on the bond, the legislature had provided that these treble damages, costs, *and •charges, should be recovered in'an action of debt, no one would have douhtod hut the action was penal. Is its character changed by .authorizing the suit to be brought on the bond, and against securities as well as the offender? "We think not. A state can enforce its contracts in our courts, the same as an individual suitor; but the remedy must be afforded according to our laws and practice. 1 Ohio, 259; 1 Johns. Cas. 139; 3 Johns. 263; 14 Johns. 340.
The counsel for the plaintiff confidently relies upon the case of Dorrison v. Chaplin, 7 Conn. 244. I have not seen the case, but the state of it, as quoted, does not seem to conflict with our opinion. It merely decides that Congress can not constitutionally confer upon the state courts, jurisdiction to enforce the penal laws of the United States. That court thought there was a broad distinction between such suits and actions to enforce penal statutes; and so we think. Scofield v. Canfield, 4 Johns. 3 40, is also relied upon for the plaintiff. It seems to us an authority for the defendants. The court refused to allow a'defense under a penal law of Connecticut, to affect a contract made in that state, subject to the law, and which, it sued there, it was claimed would have avoided the contract. The United States v. Lathrop, 17 Johns. 261, decided that a state court had no jurisdiction of the criminal or penal laws of the United States; and that Congress had no constitutional right to confer such power.
Upon the whole, it seems to us very clear that this action is founded upon a penal statute of the State of Indiana, whose authority is limited to the territory and courts of that state, and that the nonsuit was properly entered.