Kritzer, Plaintiff in Error, *vs.* Woodson *et al.*, Defendants in Error.

1. Under section 20 of article 1 of the act concerning corporations, (R. C. 1845,) the directors of an incorporated company are not liable to a *stockholder* for the excess of the indebtedness of the company contracted during their administration, over the amount of the capital stock paid in.
2. They are not liable to any person, unless the indebtedness existing *at one time* exceeds the stock paid in.

| 19 | 327 |
|---|---|
| 52a | 214 |
| 19 | 327 |
| 125 | 48 |
| 19 | 327 |
| 131 | 672 |
| 19 | 327 |
| 79a | 519 |

*Error to Jackson Circuit Court.*

*Smart* and *Sheley*, for plaintiff in error. 1. Debts having been contracted by the company exceeding the capital stock actually paid in, and while the defendants were directors, they became liable in their individual capacity to pay the same. R. C. 1845, tit. corporations, art. 1, sec. 1. 2. The plaintiff is entitled to recover from the defendants the amount he was compelled to pay out of his individual means to satisfy the debts so created by them.

*A. Leonard*, for defendant in error. 1. The liability of the directors who violate the law, is to the corporate creditors and not to the stockholders. 2. The petition is defective, in not showing an indebtedness beyond the lawful limit, existing *at one time,* and contracted during the administration of the defendants.

GAMBLE, Judge, delivered the opinion of the court.

Kritzer was a stockholder in an incorporated company, called " The Independence and Missouri River Railroad Company." Woodson and others, the defendants, were directors of the company. The petition alleges that the defendants, as directors of the company, incurred debts on the part of the company, to an amount exceeding the amount of the capital stock paid in ; the excess being three thousand dollars. It is next alleged, that a creditor of the company recovered judgment against it, and having, upon execution, sold all the corporate property, without satisfying his execution, he issued an alias execution, upon which the plaintiff, Kritzer, as a stockholder, was compelled to pay the sum of seventy-two dollars, as his proportion of the unsatisfied balance of the execution. This action is brought by the stockholder, to recover from the directors the amount so paid by him. The defendants demurred to the petition, and the demurrer was sustained.

Two questions are presented for consideration : 1st. Whether the directors of an incorporated company are liable to the stockholders for the excess of the indebtedness of the company, contracted during their administration, over the amount of the capital stock paid in ? 2d. Whether the directors are ever liable to any person, unless it is expressly charged that the indebtedness existing at one time exceeded the stock paid in ?

1. The general assembly, with the design of securing those who might deal with corporations, provided by a general law concerning corporations, that, in all corporations, unless otherwise specified in their charter, in case of deficiency of corporate property liable to execution, the individual property of every member of the corporation, having shares therein, should be liable to be taken in execution, to double the amount of his stock, and no more, for all debts of the corporation contracted during his ownership of such stock. R. C. 233, sec. 13. The act then proceeds to give to the creditor very stringent reme-

dies against the stockholders.   The 19th section provides that, if the directors of a corporation shall declare and pay any dividend, when the corporation is insolvent, or the payment of which would render it insolvent, they shall be jointly and severally liable for all the debts of the corporation then existing, and for all debts that shall thereafter be contracted, as long as they shall continue in office: provided, that the amount for which they shall all be so liable, shall not exceed the amount of such dividend.   It appears very clear, that the responsibility of the directors, under this section, can only be to the creditors of the corporation ; for the improper payment of the dividends, which occasions the responsibility, is a payment made to the stockholders, and it cannot be intended to give them any right of action against the directors, to recover, on account of their having received dividends ; so also, the liability incurred by the directors, is a liability *for the debts of the corporation ;* and as the creditors are the persons to enforce those debts, they alone could claim against the directors.   The 20th section is that upon which the present plaintiff claims that the directors are liable to him.   It provides, that the whole amount of debts of any corporation, except banking companies, shall not exceed the amount of its capital stock actually paid in ; and in case of any excess, the directors under whose administration it shall happen, shall be jointly and severally liable to the extent of such excess, for all the debts of the company then existing, and for all that shall be contracted, so long as they shall respectively continue in office, and until the debts shall be reduced to the said amount of the capital stock.

The directors of an incorporated company are chosen by the stockholders, and manage its concerns for the benefit of the company.   Any debt that they contract in the name of the company, if contracted in good faith, is for some property or advantage secured to the company, and the company is supposed to receive a benefit equal to the amount of the debt.   If they are guilty of misconduct by which the corporation suffers loss, or if they wilfully misapply or waste the corporate funds,

they may be held liable to the corporation for such misconduct. *Franklin Ins. Co.* v. *Jenkins*, 3. Wend. 130. *Robinson* v. *Smith*, 3 Paige, 233. The acts for which they are thus held liable, are acts injurious to the corporation, diminishing its resources. Contracting debts beyond the amount of the capital stock paid in may not injure the corporation, if they are in good faith contracted for property, or other consideration received by the company. But such excess of indebtedness may endanger the interests of creditors of the corporation, whether contracted in good faith or not; and the 20th section of the act was designed to guard their interests. It is plain that the section does not make the directors the primary debtors for the excess, for the creditors still continue to have their rights against the corporation, while they have the additional guaranty of the liability of the directors. The words of the act which make them liable for the debts of the company make them liable to those who are the creditors, holding such debts against the company. The debts are still the debts of the company.

The provisions of the section are penal, and are not to be extended beyond the necessary meaning of the language. The object to be attained is, the caution in contracting debts for a corporation which shall always keep the creditors secure. The section which renders the stockholders individually liable for the debts of the corporation, to double the amount of their stock, and that which renders the directors liable to the amount of any excess of debts, beyond the capital stock paid in, without regard to the amount of stock held by the directors, are both framed with the same design; that is, to protect creditors. While the directors may, under other law, be liable to the company for wilful waste and management of the corporate funds, this section was not intended to regulate their liability to the company, or to the individual stockholders, and neither the company nor the stockholders can recover against them under this section.

2. The next ground of the demurrer is equally fatal to the

action. The petition alleges that, while the defendants were directors, " the board incurred debts in building and making the railroad and depots, to an amount exceeding the capital stock paid in, by the sum of three thousand dollars ;" and, further, that the debt due to the creditor, to which the plaintiff, as stockholder, was compelled to contribute, " was, or the most of it was, over and above the capital stock of the company actually paid in."

The directors who sued in this action may have been such for years, and may, from time to time, have contracted debts for the company, which, in their aggregate amount, exceeded the capital stock, when there was, at no time, an existing indebtedness greater than the amount of stock ; in such case, it is not supposed to be the meaning of the act that the directors should be liable for the debts. The petition is so framed as to assert the liability of the directors on this ground. It does not charge that, at any given time, there was an indebtedness, exceeding the amount of the capital stock paid in.

The demurrer, then, was properly sustained, and the judgment is, with the concurrence of the other judges, affirmed.