———o———

CHAS. A. PERRY, *et al.*, Appellants, *vs.* RICHARD E. TURNER, *et al.*, Respondents.

1. *Corporations—Debts of, prior to repeal of "double liability clause"—Action against stockholder for debt of company—Constr. of §§ 22, Ch. 1, of corporation law—Liability of stockholder—Allegation as to insolvency and dissolution of company—Action when several—Contribution.*—The St. Louis & St. Joseph Railroad Company became indebted in October, 1870, prior to the repeal of the "double liability" clause of the constitution, in the sum of $7,858. In suit against a stockholder for this amount, plaintiff, among other matters, alleged in general terms that the company had become insolvent, and dissolved in December, 1870.

*Held,* 1st; that under a proper construction of § 22 of Art. 1, of the statute touching Corporations, (Wagn. Stat., p. 293, construed in connection with §§ 32, 39, Ch. 38, R. C. 1855, and Art. 8, § 6 of Const.) defendant could not be held liable for the entire amount of the debt, but only in a sum equal to the amount of stock owned by him, together with the amount of his unpaid subscription;

2nd; that the general averment of the insolvency and dissolution of the company was sufficient without a further statement of the particular facts upon which the averment was based. (A formal surrender on a judgment of dissolution was not necessary in order to authorize the creditors to sue under § 22 *supra.*)

3rd; that suits of the above description, whether brought in law or equity will not lie against defendants jointly, but must be begun against each one severally, and under our law the stockholder thus compelled to pay, must resort to his remedy for contribution.

2. *Constitution—"Double liability"—Acts to enforce, may be limited as to time.*—Statutes designed to carry out the "double liability" clause, (Art. 8, § 6 of the State Constitution, may limit the enforcement of such liability as to time.

*Appeal from Buchanan Circuit Court.*

*Vineyard & Chandler, and White,* for Appellants.

I. The court below erred in refusing to require the defendants to answer jointly, as their separate answers were exact copies of each other. (Wagn. Stat., 1017, § 14.)

II. The allegations of the petition are sufficient, in a proceeding like this, to show a dissolution of the corporation. (Slee vs. Bloom, 19 Johns., 456; Briggs vs. Penniman, 8 Cow., 387; Moore vs. Whitcomb, 48 Mo., 543; State Sav. As'n. of St. Louis vs. Kellogg, 52 Mo., 583.)

III. The liability of defendants for the debt due plaintiffs is that of original obligors, springing out of and co-existent with the contract between the St. Louis and St. Joseph Railroad Company and plaintiffs as its creditors. It may be conceded that, under our statutes, the right to enforce this liability was held in abeyance until the dissolution of the corporation; but that they became and were, concurrently with the company, from the inception of the debt, personally liable, there can be no question. (25 N. Y., 222; 57 Barb., 489; Conant vs. Van Shaick, 24 Barb., 87; Corning vs. McCullough, 1 N. Y., 47; Young vs. Rosenbaum, 39 Cal., 646; Windham Prov. Ins. vs. Sprague, 43 Ver., 502; Norris vs. Wrenschall, 34 Md., 492; Hawthorne vs. Calef, 2 Wall., 10; Prov. Sav. Ins. vs. The Jackson Place Sk. & B. Rink, 52 Mo., 552; Allen vs. Sewall, 2 Wend., 327; Moss vs. Oakley, 2 Hill., 265; Wright vs. Field, 7 Ind., 376; Middleton Bank vs. Magill, 5 Conn., 28; Adkins vs. Thornton, 19 Ga., 325.) And if the defendants are liable to plaintiffs for their debt due them from the company as original obligors, then, to the extent of that liability, they are jointly so liable, and under our statute any number of them may be sued in the same action.

IV. The language of that section of the statute under

which this suit was brought, (Wagn. Stat., 293, § 22,) plainly indicates the right of plaintiffs to sue in one common action all, or any number, of those who were stockholders of the corporation at the time of its dissolution. It declares that "suits may be brought against any person or persons, who were stockholders at the time of such dissolution;" and also "if judgment be rendered and execution satisfied, the defendant, or defendants, may sue all who were stockholders at the time of dissolution, &c." Our Supreme Court, by holding that a suit against several stockholders was properly brought, has decided that the liability of stockholders under this section was not several only but joint. (State Sav. As'n vs. Kellogg, 52 Mo., 583.)

V. The plaintiffs were not compelled to institute suit for the benefit of all the creditors of the company in order to have a standing in court. The personal liability provisions of the law against stockholders was not enacted for their benefit, but for the benefit of the creditors; and the latter are very properly left, as in other cases, to a race of diligence in the recovery of their claims, even though the stockholders may be subjected to more suits in consequence thereof. Plaintiffs are not compelled to bring suit in equity. (Norris vs. Johnson, 34 Md., 485; Weeks vs. Love, N. Y. Ct. App., [April Term 1873]; Middleton Bank vs. Magill, 5 Conn., 28; Adkins vs. Thornton, 19 Ga., 325; Bullard vs. Bell, 1 Mason, [U. S. C. C.] 244; Ang. Am. Corp., §§ 624, 625, 626; Allen vs. Sewall, 2 Wend., 327.)

VI. The amendment to section 6, of article 8, of the State Constitution, adopted at the general election in November, 1870, did not relieve the defendants from their liability for plaintiffs' debt, contracted before the adoption of that amendment. To hold that they were so relieved, would be to decide that a law might be passed impairing the obligation of a contract. (Conant vs. Van Schaick, 24 Barb., 87; Hawthorne vs. Calef, 2 Wall., 10; Prov. Sav. Ins. vs. Jackson Place Sk. & B. Rink, supra.)

VII. All of the defendants are, and each one of them is,

liable for the entire debts of the company remaining unpaid at its dissolution. (Wagn. Stat., 293, § 22.)

*Holland, Oliver & Stringfellow, and Ben Loan,* for Respondents

I. Plaintiffs' remedy against the corporation should have been exhausted and shown ineffectual, before proceeding against private stockholders, (McClaren vs. Franciscus, 43 Mo,, 452; Wagn. Stat., 293, § 22; R. C. 1855, p. 402, § 32.) For legislation of construction of § 32, of act 1855, see § 39 of same statute page 403. The act of 1855, being revised by the law of 1865, is to be construed as meaning just what is meant in 1855. In 1858 it did not mean double liability.

II. The creditor of a corporation which has dissolved cannot sue the stockholders alone. The suit must be brought for the benefit of all the stockholders. (Crease vs. Babcock, 10 Met., 525; 24 Ill., 47.) The constitution does not inforce itself. (39 Mo., 489; 15 Peters, 469.)

III. This action will not lie against defendants jointly. They are alleged to be stockholders in a defunct corporation, but they each own separate shares of stock, and for different amounts. An action at law will not lie under such circumstances. Different judgments must be rendered against each. A joint judgment could not be rendered.

IV. The stockholders are only liable for the unpaid balance due on their subscription and one hundred per cent. in addition thereto. This an entire liability.

NAPTON, Judge, delivered the opinion of the court.

As the only question in this case arises on the sufficiency of the petition, it will be necessary to state it in substance. The action is brought by Perry & Brothers, a partnership firm doing business under that name, against Turner, Hays, Wasson and others, alleged to be stockholders in the St. Louis and St. Joseph railroad company, to recover the amount of $22,500, alleged to be due from that company to the plaintiffs.

It is alleged that in 1868 the company was duly organized

under the general law concerning private corporations, for the construction and operation of a certain railroad therein described; that the capital stock of the company was divided into shares of $100 each; that said road was built and operated up to the date of the dissolution of the company hereinafter stated.

The number of shares of stock which each defendant held is there stated, as also the fact that they continued to hold such shares up to the date of said dissolution; that none of the defendants had paid the debts sued for, or any part of them, nor have they or either of them ever paid into said company any amount over and above the amount of capital stock held by each.

The plaintiffs then proceed to set out at large the various items of indebtedness of the company to them growing out of work and labor done and materials furnished, and certain bills of exchange drawn on the company and accepted by them, but which the plaintiffs having indorsed had ultimately to pay, and also sundry settlements had with the company which left the company in debt to them in the sum of $7,858.13, due on the 18th day of October, 1870; and for all these items or amounts, with interest, they ask judgment. The details of these claims are immaterial to the consideration of the questions to be decided. The plaintiffs further state that on the 20th of December, 1870, the company became and was wholly and completely insolvent and unable to pay its debts and liabilities; that on said day said company was declared bankrupt by a court of competent jurisdiction, and thereupon all its property, real, personal, etc., was assigned and transferred to an assignee appointed by the said court in bankruptcy; that from this time the company abandoned its business, and ceased to operate its road and has never since re-organized, etc. Whereupon the plaintiffs state that by reason of the facts above stated said company was dissolved on the day and year last aforesaid. Plaintiffs also state that by virtue of the statutes relative to corporations and by virtue of the provisions of the constitution and laws of the State of Missouri, the defendants became

and are liable for the debts aforesaid; wherefore they demand judgment, that the said St. Louis and St. Joseph railroad company may be judicially declared and adjudged to have been dissolved on the 29th day of December, 1870, and that said defendants may be required to pay the plaintiffs the amounts of their several claims hereinbefore described and sued for, and that they may have such other and further relief, with their costs, as may be deemed just and proper.

After answers and replications had been filed, and the case came up for trial, the plaintiffs offered evidence to sustain the various allegations of the petition, which being objected to, the court sustained the objection. Whereupon the plaintiffs took a non-suit, with leave, etc.

This petition is obviously framed upon a misconstruction of the 22d section of the first article of our law concerning Private Corporations. The suit is brought against several stockholders to recover certain debts against the company, on the allegation of a dissolution of the corporation. The 22d section provides "that if any company formed under this act dissolve, leaving debts unpaid, suits may be brought against any person or persons who were stockholders at the time of such dissolution, without joining the company in such suit." And it is assumed that this language is broad enough to declare that the stockholder or stockholders sued, are liable for the amount of the indebtedness, without regard to the amount of stock he holds. In other words, upon a dissolution of a corporation, under the act, each stockholder is responsible for the debts of the corporation, as in case of partnership. A stockholder owning only one share, if a hundred dollars, is liable for a debt of the corporation which may be to fifty times the amount of his stock. Such a construction, however it might comport with the literal meaning of the terms of the act, would be rather startling to those who have embarked in such enterprises. The legislature had undoubtedly the power to make each stockholder responsible for all the debts of the company, the only limit to the power of the legislature under the constitution being that the responsibility should

not be less than a sum equivalent to the amount of stock owned, but might be extended to the liability assumed in ordinary partnerships.

But the concluding part of this section seems to show very conclusively, that the legislature had no design to exact from a stockholder any amount over and above the amount of stock he held. For it provides that where such suits are brought against the stockholder, and a recovery is had and executions are satisfied, the stockholder thus sued and compelled to pay the judgment " may sue all who were stockholders at the time of the dissolution for the recovery of the portion of such debt for which he was liable, and the execution upon the judgment shall direct the collection to be made from property of each stockholder respectively : and if any number of stockholders (defendants in the case) shall not have property enough to satisfy his or their portion of the execution, then the amount of deficiency shall be divided equally amongst all the remaining stockholders, and collections made accordingly, deducting from the amount a sum in proportion to the amount of stock owned by the plaintiff at the time the company dissolved."

This section is manifestly a copy of the 32d section of the act of 1855 concerning Road Associations, under which only a single liability was attached to stockholders; and the legislature neglected to make the corresponding changes which the constitution of 1865 required. So that, under this 22d section as it stands copied from the law of 1855, the defendants are not liable at all under the allegations of the petition, which concede that they had fully paid up their respective shares of stock; for the 39th section of this law of 1855 declares in so many words " that a stockholder in any company formed under this act shall not be liable for more than the amount of his stock," and the 22d section of the act of 1865 is a simple repetition, word for word, of the 32d section of the act of 1855, above referred to.

But conceding that as the Constitution did not permit the legislature to diminish the liability of the stockholders below

that of the full amount of the stock subscribed, and whatever portions of the stock may have been unpaid, this 22d section must, therefore, be construed in accordance with this constitutional provision, and will be held to refer to what is called the "double liability," secured in the constitution, it remains to be considered whether the allegations of a dissolution of the corporation made in the petition are sufficient.

This point was sufficiently considered by this court in State Savings Bank vs. Kellogg (52 Mo., 583). In that case this court adopted the views of the New York courts in the construction of a similar provision of their corporation law, Slee vs. Bloom,(19 Johns., 456,) and Briggs vs.Penniman,(8 Cow:,387,) and held that a formal surrender or a judgment of dissolution at the instance of the State, was not necessary to authorize the creditors to sue the stockholders under this 22d section. The averments in that case were that the corporation was wholly insolvent and bankrupt, and was totally without funds or means, whereby it became dissolved, by reason of a total want of funds or means to exercise its corporate powers. In this case the allegation is that the St. Louis and St. Joseph railroad company became and was wholly and completely insolvent and unable to pay its debts and liabilities, and had been declared bankrupt in the United States District Court, and all its effects had been assigned and transferred to the assignee appointed by that court. This allegation is not so exact and complete as the allegations in the case of the State Savings Bank vs. Kellogg, but we suppose no allegations are necessary, except that the company was dissolved, and it is not necessary to state the facts upon which that allegation is based. They are matters of proof, and it is for the court on the trial, to declare whether a dissolution within the meaning of the law is established.

The responsibility of the stockholders is undoubtedly secondary and contingent, and the statute only relieves the creditors from pursuing the corporation in case of its dissolution. What facts will constitute such a dissolution is not necessary to be averred in the pleadings. (Bank of Poughkeepsie vs. Ibbotson, 24 Wend., 473.)

It is not easy to determine what the intention of the pleader was in this case, whether the proceeding was designed as a legal or equitable one. The theory upon which it is based is clearly wrong, and treating it as an action at law to recover from the defendants the various items of indebtedness enumerated in the petition, on the grounds of the joint and several liability of such stockholders for the entire debts of the corporation, it could not be sustained. And this seems to be the main scope and general purpose of the petition. Of course it would not matter what judgment or decree was asked if the facts stated authorized any.

But treating it as an action at law to recover the liability imposed by the constitution and the statute, it is equally defective, since there is no joint liability imposed in such cases. Each stockholder is responsible to creditors for the amount or double the amount of his stock, as the case may be, and a joint judgment could not be rendered. This is clearly established in the case of Ibbotson, above referred to, where the New York statute is substantially the same as ours. Justice Nelson says in that case: "There can be no doubt that the liability of the stockholders is several and not joint. The measure of it may be wholly different in each case, depending upon the shares held. A joint suit would be impracticable as there could be no joint judgment. Besides the act did not intend that they should be sureties for each other. Each is severally responsible to the amount of his own stock."

In Norris vs. Johnson, (34 Md., 485) no different doctrine is maintained. That was a suit against a single stockholder, and it was held, as it was in the case of Ibbotson, that such an action was maintainable at law, although there were other creditors besides the one suing. In neither case is it denied that a remedy in equity against all the stockholders might be pursued.

In Massachusetts the doctrine has been, that the creditor is confined to his remedy in equity, as it requires the party seeking to enforce the liability to join in the suit all the parties in interest who are to be affected by the decree, and thereby avoids a multiplicity of actions and apportions among all the

stockholders contribution from each in proportion to his share of the general burden.

But in New York and Maryland they allow a creditor to bring his action at law against any stockholder, and so in this State I suppose the double liability can be enforced against any stockholder by an action at law, although an equitable suit might be maintained against them all to contribute the share of each in proportion to his stock to the debts sued on.

The case of State Savings Bank vs. Kellogg (52 Mo., 583), has been cited to show that a joint action at law may be maintained ; but an examination of that case as reported does not establish any such doctrine. No such question was raised, or discussed, or decided, nor does the statement show that any such question could have arisen. The suit in that case may have been against all the stockholders and it may have been an equitable proceeding. It was certainly only to recover the amount due from each defendant proportioned by the amount of stock owned by him. Nothing more was claimed and no question of the misjoinder of parties defendant was made.

If the action is to be regarded as an equitable one, then the question arises, whether a single creditor can select a certain number of stockholders from whom to exact their respective liabilities without suing for all others who may be creditors, and against all the stockholders who may be liable, thus apportioning the responsibilities as the law ultimately designs them to be. This is the mode pursued in Massachusetts (Harris vs. First Parish of Dorchester, 23 Pick, 112; Erickson vs. Nesmith, 15 Gray, 221), and the only mode there tolerated. But our law, as in New York and Maryland, allows an action at law against any stockholder; the stockholder thus compelled to pay must resort to his remedy for contribution against other stockholders. But such a proceeding, whether at law or equity, is not upon a joint liability and can only reach the individual liability of each stockholder, and if brought against more than one stockholder must necessarily be a proceeding in equity.

It is intimated by the court in the case of Kritzer vs. Woodson, 19 Mo., 327, that the section of our statute which ren-

ders the stockholders individually liable for the debts of the corporation to double the amount of their stock, is a highly penal provision, and is, therefore, to be strictly construed, and the mode of enforcing it pointed out by the statute strictly pursued. In the other States, this liability, whether it is such as arises under the 13th section or the 22d section; as they are in our law, seems to be regarded as arising from contract, and therefore protected from being impaired by subsequent legislation. (Corning vs. McCullough, 1 N. Y., 47; Norris vs. Wrenshall, 34 Md., 492.) And the case of Hawthorn vs. Calef, 2 Wal., 10 proceeds on this theory. Whether these decisions are applicable to the facts of this case it is not necessary now to determine. The constitution, at the same time that this double liability was provided for, in a previous section of the same article, declares that corporations may be formed under general laws, but shall not be created under special acts except for municipal purposes, and all general laws and special acts passed pursuant to this section may be altered, amended or repealed; and the 5th section of the 4th article of the act concerning Laws (2 Wagn. Stat., 875) provides that "the repeal of any statutory provision shall not affect any act done or right accrued or established in any proceeding, suit or prosecution had and commenced in any civil case previous to the time when such repeal shall take effect; but every such act, right and proceeding shall remain as valid and effectual as if the provisions so repealed had remained in force."

How far the existence of these contemporaneous provisions of the constitution and statute would affect the liability in this case under the decision of Hawthorne vs. Calef, and other decisions of this court following that case, may be a question worth considering. But I will not be understood as expressing any opinion, either for myself or my brother judges, on this point. It is clear that the statutes designed to carry out this 6th section of the 8th article, now repealed since November, 1870, may limit the enforcement of such liability as to time.

I think the judgment must be affirmed. Judge Vories did not sit. The other judges concur.