J. W. CARY et al., Appellants, v. J. F. SCHMELTZ et al., Respondents.

Kansas City Court of Appeals, February 7, 1910.

1. CORPORATIONS: Annual Reports: Colorado Statutes: Penal or Remedial: Liability of Officers. A Colorado statute required corporations to file an annual report and provided that a failure to file such report would make all the officers and directors liable for all debts of the corporation contracted during the year next preceding the time when such report should have been made and filed. This statute is penal and is not enforceable in this State.

2. Foreign Statutes: Construction by Local Courts Not Necessarily Binding in Our Courts: Credit Here. While the interpretation put upon a statute by the highest court of the state where enacted, is not binding upon the courts of a sister state, yet it is entitled to much credit.

Appeal from Jackson Circuit Court.—*Hon. H. L. McCune*, Judge.

AFFIRMED.

*Lathrop, Morrow, Fox & Moore* for appellants.

(1) The Missouri court must determine its jurisdiction for itself. Huntington v. Attrill, 146 U. S. 657; Hunt v. Searcy, 167 Mo. 158; Malloy v. Hide & Leather Co., 148 Fed. 482. (2) The cause of action is in plaintiffs (See authorities under point 3, next following). Guerney v. Moore, 131 Mo. 650; Gay v. Orcutt, 169 Mo. 400; Thompson on Corp., vol. 7, secs. 8530-1. (3) The Colorado statute is not strictly penal, but affords a private remedy to the party injured and is therefore remedial or penal only in the international sense and should be enforced by the Missouri courts. Huntington v. Attrill, 146 U. S. 657; Kimball v. Davis, 52 Mo. App. 194; Dennick v. Railroad, 103 U. S. 11; Thompson on Corp., secs. 4165-6, 4242, and 8525; Cyclopedia of Law, vol. 10, p. 854; Black on Interp. of Laws, p. 292; Railroad v. Mathews, 165 U. S. 1; Railroad v. Richardson, 91 U. S. 454; Brady v. Daly, 175 U. S. 148; Whitman v. Bank, 176 U. S. 559; Bank v. Weidenbeck, 97 Fed. 896; Davis v. Mills, 99 Fed. 39; Bank v. Walsh, 59 S. W. 952; Lewis v. Clark, 129 Fed. 570; Hale v. Hardon, 95 Fed. 747; Railroad v. Slater, 115 Fed. 593; City of Atlanta v. F. & P. Works, 127 Fed. 23; Land Co. v. Lombard, 132 Fed. 721; Waterford v. Elson, 149 Fed. 91; U. S. v. Railroad, 156 Fed. 182; Malloy v. H. & L. Co., 148 Fed. 482; Nelson v. Bank, 157 Fed. 161; Fitzgerald v. Weidenbeck, 76 Fed. 695; Gregory v. Bank, 3 Colo. 334; Anfenger v. Anzeiger, 12 Pac. 400; Jenet v. Albers, 43 Pac. 452; Tabor v. Bank, 62 Fed. 383; Bradford v. Gulley, 50 Pac. 314; Hazelton v. Porter, 67 Pac. 170; Iron & Fuel Co. v. Lenhart, 41 Pac. 835; Cannon v. Breckenridge, 69 Pac. 269; Cavanaugh v. Patterson, 91 Pac. 1117; Eads v. Orcutt, 79 Mo. App. 511; Blake-

man v. Benton, 9 Mo. App. 107; Cleaton v. Emery, 49 Mo. App. 345; Insurance Co. v. Railroad, 149 Mo. 165; Guerney v. Moore, 131 Mo. 650; Benedict v. Railroad, 104 Mo. App. 218; Charlton v. Railroad, 200 Mo. 413.

*Ringolsky & White* and *O. A. Lucas* for respondents.

(1) Where no one is authorized to sue, action can only be in name of State. 30 Cyc., 1348; 18 Am. and Eng. Ency. of Law (1 Ed.), 276-278; State v. Railroad, 89 Mo. 562; People v. Young, 72 Ill. 411; Matthews v. Offley, Fed. Cases No. 9290 (3 Sumn. 115). (2) A penalty is a sum of money which the law exacts the payment of, by way of punishment, for doing a prohibited or omitting a prescribed act. 30 Cyc. 1335, 6, 7; Butler v. Butler, 62 S. C. 165. Bank v. Bliss (N. Y.), 1 Rob. 391. (3) The Colorado courts have construed the statute relied on in this case to be a penal statute. Gregory v. Bank, 3 Colo. 332; C. F. & I. Co. v. Lenhart, 6 Colo. App. 511; Jenet v. Albers, 43 Pac. 452; Hazelton v. Porter, 67 Pac. 170; Clough v. Oil Co., 25 Colo. App. 520; Cannon v. Breckenridge, 69 Pac. 269. (4) If Colorado courts have so construed the statute it is controlling in this State. Kimball v. Davis, 52 Mo. App. 212. (5) Such statutes are penal under the holdings in this State. Kritzer v. Woodson, 19 Mo. 327; Cable v. McCune, 26 Mo. 371; Guerney v. Moore, 131 Mo. 672; Kimball v. Davis, 52 Mo. App. 212. (6) Being a penal statute the courts of this State will not enforce it. 10 Cyc. 854; 18 Am. and Eng. Ency. of Law (1 Ed.), 271; Cook on Corporations (4 Ed.), vol. 1, sec. 223; Thompson's Com. on Corp., vol. 3, secs. 3050 and 3052; Beale on Foreign Corp., sec. 450; Minor on Conflict of Laws, sec. 10, note 3; Morawetz on Corp. (2 Ed.), sec. 916; Rorer on Interstate Law; p. 148; Kritzer v. Woodson, 19 Mo. 327; Cable v. McCune, 26 Mo. 371; Guerney v. Moore, 131 Mo. 672.

BROADDUS, P. J.—The plaintiffs' suit is in three counts: The first for goods sold by them in May, 1905, to the Golden Islet Mining Company of the State of Colorado; the second for labor performed for the corporation; the third for goods sold to it. The two latter are claims alleged to have been assigned to plaintiffs. The defendants are sued as directors of said corporation.

The petition sets out a certain statute of the State of Colorado upon which plaintiffs base their right of recovery against the defendants as directors of the corporation. This statute required all corporations of the kind mentioned to file an annual report in the office of the Secretary of State of said State within sixty days after the first day of January, 1905. There is no allegation as to the nature of the report required, but perhaps we will be justified in supposing it to be a recitation of the resources and the general financial condition of the corporations. The section copied in the petition reads as follows: "And if such corporation . . . shall fail, refuse or omit to file the annual report aforesaid and to pay the fee prescribed therefor within the time above prescribed, all the officers and directors of said corporation shall be jointly, severally and individually liable for all the debts of said corporation . . . that shall be contracted during the year next preceding the time when said report should by this section have been made and filed." The petition alleges that the required report was not filed as the statute provided and that therefore the defendants as directors of the corporation became liable for the debts of the corporation in suit.

The defendants filed a demurrer to the petition which the court sustained and rendered judgment against plaintiffs, from which they appealed.

The question raised by the demurrer is whether the statute quoted is penal or remedial? If the former it is not enforceable in this State, it being a statute of ⱽ

foreign State. If remedial it is as a matter of comity enforceable in Missouri.

In the State of Colorado where enacted the statute is held to be penal. [Hazelton v. Porter, 17 Colo. App. 1; Cannon v. Breckenridge, etc., Co., 18 Colo. App. 38.] While the interpretation put upon the statute by the highest court of the State where enacted is not binding upon the courts of a sister State, yet it is entitled to much credit, because as a rule the courts of the country of the birthplace of the law would naturally have some advantage in dealing with the question by reason of their familiarity with local conditions and the purposes of legislation suitable to such conditions.

Independent of the decisions of Colorado, there are many authorities to the effect that the statutory liability of corporate officers for failure to file reports is penal and will not be enforced by the courts of other States. [Cook on Corporations, vol. 1, sec. 223, p. 421; 10 Cyclopedia of Law, 854; Thompson Commentaries on Corp., vol. III, sec. 3050; Derrickson v. Smith, 27 N. J. 166; Telegraph Co. v. Bank, 74 Ill. 217.]

It is held that: "A suit upon a bond subjecting the obligors to the payment of statutory penalty for misfeasance in office, is an action on a penal statute, and cannot be maintained, in Ohio, on a statute of Indiana." [State of Indiana v. John et al., 5 Ohio 217.]

Under a statute of Pennsylvania the total amount of debts and liabilities of certain corporations should not exceed the amount of the capital paid in, and if debts should be contracted to exceed said amount the officers or directors contracting the same should be liable jointly and severally for the whole amount of excess. The Court of Appeals of Maryland held that the statute was penal and non-enforceable in that State. [Bank v. Price, 33 Md. 487.]

The Supreme Court of this State has decided that a similar statute of the State is a penal statute. We quote from the opinion which we think fully governs

this case. Judge NAPTON said: "Our opinion in this case is based entirely upon the penal character of the statute we are called upon to construe. The corporation is required to publish an annual statement of their condition for the information of the public, and a failure to do so renders the stockholders responsible for a specified class of demands existing prior to or at the time of such publication. The object is to inform the public who expect to have dealings with such corporations, of their probable responsibility. This liability, in the event of there being no required publication, does not depend upon the actual injury which the failure to publish may have occasioned in a given case, but is absolute, dependent only on the proof of publication or no publication. Such a statute can be regarded in no other light than a penal one;" etc. [Cable v. McCune, 26 Mo. 380.] And the law as thus stated is recognized in Kimball v. Davis, 52 Mo. App. 1. c., 212; Guerney v. Moore, 131 Mo. 1. c. 672; and in Knitzer v. Woodson, 19 Mo. 329.

The plaintiff has invoked authorities of very high character, that hold such statutes are in no sense penal, but remedial. The Supreme Court of the United States in construing the maxim of international law that "the courts of no country execute the penal law of another" holds that a penal law, or a penalty "denotes punishment, whether corporal or pecuniary, imposed and enforced by the State for a crime or offense against its law." [Huntington v. Attrill, 146 U. S. 657.] And the law is so stated in Black on Interpretation of Laws, 292. And it is said in Whitman v. Bank, 176 U. S. 559, that the question is no longer an open one. And many cases so holding are to be found in the Federal Reports.

Speaking for myself I am of the opinion that the true rule is stated in Huntington v. Attrill, *supra*. If it should be enforced in all the States it would prevent individuals from evading civil liability in such cases

by running from one State where incurred to some other State.

But we are bound by the decisions of the Supreme Court to abide by the rule as announced in Knitzer v. Woodson, *supra,* and Cable v. McCune, *supra,* wherein it is held that the statute is altogether penal. And if it be so, it is not enforceable in this State. Therefore the cause is affirmed. All concur.