RICHARD NORRIS, JR., *vs.* JOHN C. WRENSCHALL.

*Pleading* — *The nature of the Personal liability of Stockholders in a Manufacturing company, under section* 52, *Article* 26 *of the Code*—*Practice under the Act of* 1864, *ch.* 6 — *Practice in the Court of Appeals.*

In an action at law by a creditor of a manufacturing company against a stockholder thereof, to enforce his personal liability under section 52 of Article 26 of the Code, for the debt due by the company, no averment of notice to the stockholder, that the debt was contracted by the corporation, need be made in the declaration.

The personal liability of a stockholder of a manufacturing company, under section 52, Article 26 of the Code of Public General Laws, is not in the nature of a *penalty*, but is so far an obligation arising *ex contractu*, as fairly to come within the spirit and intent of the Act of 1864, ch. 6; and a creditor of such company in an action at law to enforce his claim against an individual stockholder, may make the affidavit thereto as required by said Act.

An action was instituted, on the 23d of June, 1870, under the Act of 1864, ch. 6; the writ of summons was made returnable on the second Monday of July, 1870, the next return day prescribed by the Act, after the suit was commenced; on the return day the defendant appeared and demurred to the declaration. At the following September Term, being the first term thereafter, the plaintiff entered a motion for judgment by default, for want of a plea verified by affidavit; on the 16th of December following, the Court overruled the demurrer and entered judgment by default, for want of a plea and affidavit of defence, and on the same day assessed the damages and entered final judgment thereon. HELD:

That these proceedings were in strict conformity with the requirements of the Act of 1864, ch. 6.

Where the Court, after judgment by default, assesses the damages on proof, without empannelling a jury, the amount of damages thus assessed, cannot be reviewed in the Appellate Court, on appeal from the judgment, no exception on that ground having been taken, unless such amount should exceed the amount claimed in the declaration.

Norris *vs.* Wrenschall.

APPEAL from the Superior Court of Baltimore City.

The appellee in this case having recovered judgment against The Baltimore City Concrete Stone Company, (incorporated under the provisions of Article 26 of the Code, relating to manufacturing companies,) for services rendered the company as superintendent, instituted on the 23d of June, 1870, an action under the Act of 1864, ch. 6, against the appellant, a stockholder, to enforce his individual liability for the debt, under section 52 of Article 26 of the Code. The plaintiff filed with his declaration an account verified by affidavit, together with a short copy of the judgment. The writ of summons was made returnable on the second Monday of July, 1870, the next return day prescribed by the Act, after the suit was commenced; on the return day the defendant appeared and demurred to the declaration. At the following September Term, the first term thereafter, the plaintiff entered a motion for judgment by default, for want of a plea verified by affidavit; on the 16th of December following, the Court overruled the demurrer and entered judgment by default, for want of a plea and affidavit of defence, and on the same day assessed the damages and entered final judgment thereon. From this judgment the defendant appealed.

The cause was argued before BARTOL, C. J., MAULSBY, MILLER and ALVEY, J.

*Robert J. Brent,* for the appellant.

The judgment from which this appeal was taken was erroneous, because it was based on the Act of 1864, ch. 6, and by the 6th section of that Act, the summary proceedings thereunder are only authorized where the cause of action is *a contract* express or implied. *Act of 1864, ch. 6, secs.* 6, 7, 8.

As this was a judgment based on no contract whatever, but on a right of action to enforce what was in its nature a statutory penalty, no color can be given to it by the Act in question. This action is not *ex contractu,* but penal in its character.

*First National Bank of Plymouth vs. Price, et al.,* 33 *Md.,* 487; 4 *Allen,* 579.

Nor is the judgment authorized by the 8th section of the Act, the filing of the docket entries of a judgment being not provided for by that section; nor does the affidavit filed in this case state any debt beyond the $918 and interest, and it would not warrant a judgment on the 16th of December, 1870, for more than $973.08 — while this judgment is for $981.48, including manifestly the costs of the old judgment not covered by the affidavit.

The Act of 1864, ch. 6, prevents the filing of a plea setting forth facts without an affidavit, and it does not apply to a *demurrer.*

The declaration is defective in not showing *a sufficient cause of action,* under the 52d section of the 26th Article of the Code, by omitting to state how much of the capital stock was *not paid in,* so as to measure and limit the personal responsibility of the defendant.

The stockholder is in no sense privy to the primary corporate liability, but his responsibility being merely *secondary, contingent and collateral* to that of the principal debtor, he stands in the light of a guarantor. His individual liability, therefore, cannot be enforced until he has notice of the default of the corporation, and a demand is made on him for the precise amount of the creditor's claim, as to which he is an entire stranger. This principle is well sustained by all the authorities which require that the plaintiff should aver and prove notice of the corporate *default,* and a demand on the stockholder as a condition precedent to the suit. *Hicks vs. Burns,* 38 *New Hampshire,* 145, 153; 4 *Allen,* 577. And such is the rule in this State in analogous cases. *Oyster vs. Annan,* 1 *G. & J.,* 456; *Scott vs. Ducker,* 2 *Md.,* 284; *Dent vs. Maddox,* 4 *Md.,* 529.

It is not shown by the *narr.* that there are no other creditors who are entitled to enforce *pari passu* with the plaintiff, the liability of the defendant.

The statute of Massachusetts is analogous to the Maryland Code, for the former provides that "if any loss, &c., shall arise from official mismanagement, &c., the *stockholders*, at the time of such mismanagement, shall, in their *individual* capacities, be liable to pay a sum not exceeding the amount of stock *actually* held by such stockholder at the time." Yet it was held in a masterly opinion, that an action at law would not lie by a creditor against the stockholder where other debts were shown to *exist*, and all the cases are reviewed. *Harris vs. First Parish in Dorchester*, 23 *Pick.*, 112, 114, 115. And such seems to be the principal of *Mann vs. Pentz*, 3 *N. Y.*, 422, 423; *Crease vs. Babcock*, 10 *Metcalf.*, 532, 533; 1 *Hopkins*, 305; *Erickson, et al. vs. Nesmith*, 15 *Gray*, 222.

The question is now for the first time presented in Maryland, "whether an action at law by one creditor can be maintained against a single stockholder." The case of *Matthews vs. Albert*, 24 *Md.*, 536, cannot be considered as an adjudication on this point; as that was a case in equity where the Court ordered a general account and contribution. Nor does the reference in that case to the New York cases, merely to establish the liability of the stockholder to the full amount of his stock, whether paid for or not, commit this Court to the other points ruled in those cases touching matters not then before this Court.

The 52d section of the 26th Article of the Code, declares that "the stockholders shall *be severally* and individually liable to the creditors," but as it is silent as to the forum, there is no difficulty in filing a creditors' bill in equity against any one stockholder, as was done by the original bill in *Matthews vs. Albert*, 24 *Md.*, 534. That would be enforcing the several liability of each stockholder for the equal benefit of all the creditors, who upon notice, could come in and equally participate. Or there could be no difficulty in filing a general creditors' bill against all the stockholders, and obtaining a decree, binding each defendant severally to the extent of his stock, as provided in the Act of 1868, ch. 471, section 214.

In all these suits, the corporation should be made a co-defendant, as it is most interested in denying the debt, and most capable of showing payments, &c.   See 7 *N. Y.*, 147.

*Thomas Rowland*, for the appellee.

The 52d section of Article 26 of the Code, is identical with the ninth section of the Act of 1852, ch. 338, which was construed by this Court in the case of *Matthews vs. Albert*, 24 *Md.*, 527.

As to the nature of the liability of the stockholder, therefore, there can be no further question.   But the appellant contends that a single creditor cannot be permitted to sue a single stockholder *at law;* and that the only remedy of the creditor is in equity.   This question was distinctly presented in the case of the *Bank of Poughkeepsie vs. Ibbotson*, 24 *Wend.*, 473.   The question there arose upon the construction of the New York Act of 1811, relative to manufacturing companies, an Act recognized by this Court in 24 *Md.*, 536, as similar to our own.   This Act made stockholders "individually responsible to the extent of their respective shares of stock." *Act of* 1811, *ch.* 67, *sec.* 7, 2 *Revised Statutes of N. Y.*, 654 *of 5th Ed.*

It was decided that the creditor might elect whether to proceed at law against a single stockholder, or in equity against all.   This case was decided in 1840.   In 1848, the Legislature of New York passed a new Act in relation to manufacturing companies, (the basis of our *Act of* 1852, *ch.* 338 ; *Code, Art.* 26, *sec.* 40, &c.) by which stockholders are made, as in our Act, "*severally* individually liable, &c." *Act of* 1848, *ch.* 40, *sec.* 10, 2 *Revised Statutes of N. Y.*, 660 *of 5th Ed.*

The construction placed upon the Act of 1811, in 24 *Wend.*, was recognized as applicable to the Act of 1848, in *Garrison vs. Howe*, 17 *N. Y.*, 462, (cited in 24 *Md.*, 536.)

Our Act of 1852 is evidently modelled upon the New York Act of 1848, and it was passed at a time when the

construction of the New York Acts was well settled. The individual liability sections of the two Acts are almost identical. *Matthews vs. Albert* came up upon appeal from a Court of Equity, but the existence of a concurrent remedy at law was distinctly recognized in that case, and the New York cases were relied upon in the construction of our Act of 1852. *Bank of Poughkeepsie vs. Ibbotson*, 24 *Wend.*, 473 ; *Garrison vs. Howe*, 17 *New York*, 462 ; *Abbott vs. Aspinwall*, 26 *Barb.*, 207 ; *Paine vs. Stewart*, 33 *Conn.*, 516, 529 ; *Corning vs. McCullough*, 1 *N. Y.*, 47 ; *Bullard vs. Bell*, 1 *Mason*, 297 ; *Angell & Ames on Corporations*, secs. 611, 624–626.

The remedy by bill in equity would be *slow*, tedious and expensive. It would be necessary to make all the stockholders and all the creditors parties. A great deal of cross-litigation would arise in such a suit. Issues of fact would be sent to a Court of Law. The stockholders could protract the suit indefinitely. The insolvency of any stockholder, pending the suit, would render a new account and contribution necessary. Different stockholders would be responsible to different creditors, they being responsible only for debts " created while they were stockholders." *Matthews vs. Albert*, 24 *Md.*, 537 ; *Moss vs. Oakley*, 2 *Hill*, 265.

But the creditors had *a remedy in equity*, before the Act of 1852, covering the very case provided for in the individual liability clause of that Act. Independently of any statute, the creditors of a corporation, *whose capital stock is not fully paid up*, may file a bill in equity against *the individual stockholders*, and compel the appropriation of the unpaid capital to the satisfaction of their claims. This individual liability in equity has been recognized and acted upon ever since the time of Charles II. *Doctor Salmon vs. The Hamborough Co. Cases in Chancery*, 204 ; *Briggs vs. Penniman*, 8 *Cowen*, 396 ; *Slee vs. Bloom*, 19 *Johns.*, 483 ; *Ward vs. G. M. Co.*, 16 *Conn.*, 593 ; *Adler vs. M. P. B. Co.*, 13 *Wis.*, 61 ; *Winans vs. M. R. & N. Co.*, 6 *Blatchf. C. C. R.*, 222 ; *Angell & Ames on Corporations*, secs. 600–602, and cases there cited.

It seldom happens that the nominal capital stock of a corporation exceeds its liabilities, for this is the foundation of its credit with the community, and is generally made *sufficiently large.* We see that this nominal capital stock might always have been reached by the creditors in equity. But section 52 requires the stockholders to make this nominal capital stock a real one; and until this is done, makes them liable, not merely to a greater extent than formerly, but in a different manner. *Angell & Ames, sec.* 611.

Until its capital stock is fully paid up, a manufacturing company, formed under the provisions of Article 26, is only a *quasi* corporation. The liability of the stockholders is that of partners at common law, except so far as it is modified and limited by the statute. Sections 52 and 40 are to be construed together, as merely granting to the stockholders a limitation of the common law liability of partners, until they have attained a complete corporate character by payment in full of their capital stock. *Corning vs. McCullough,* 1 *N. Y.,* 47, 53, 60; *Moss vs. Oakley,* 2 *Hill,* 265, 269; *Abboott vs. Aspinwall,* 26 *Barb.,* 207; *Conant vs. Van Schaick,* 24 *Barb.,* 87, 96; *Hawthorne vs. Calef,* 2 *Wall.,* 22; *Paine vs. Stewart,* 33 *Conn.,* 529; *Angell & Ames, sec.* 611.

It is upon this theory of the statute, that it has been determined that only those stockholders are liable, who were such when the debt was contracted. *Matthews vs. Albert,* 24 *Md.,* 535–537; *Moss vs. Oakley,* 2 *Hill,* 269.

If there were other creditors unpaid, or other stockholders liable, which the Court below could not presume, the defendant should have made *the fact* appear by plea in abatement, or to the jurisdiction. *Smith vs. Cooke,* 31 *Md.,* 179.

MILLER, J., delivered the opinion of the Court.

We have decided in *Norris vs. Johnson,* (*ante* 485,) that an action at law may be brought by a creditor to enforce the liability of stockholders under section 52 of Article 26 of the Code. We have also there determined that the extent of the

Norris *vs.* Wrenschall.

liability of each stockholder is measured by the amount of stock held by him at the time the debt was contracted, continues at least until all the capital stock is paid in, and is in no wise affected by the amount thereof that may at any time remain unpaid. There is no provision in the Code by which this liability is made dependent upon any other contingency than the contracting of debts by the corporation, whilst the defendant was a stockholder, and before the capital stock is fully paid up. These two conditions make the liability determinate and irrevocable. In this respect, the Code is materially different from the statute under which the very able decision in *Hicks vs. Burns*, 38 *N. H. Rep.*, 141, was made, and, in our opinion, no averment of notice to the stockholder that the debt was contracted by the corporation, need be made in the declaration; and so far as demand on the corporation is concerned, if that were necessary, (a point on which we express no opinion,) it is sufficiently stated in the averment that the plaintiff had recovered a judgment for his claim against the corporation, no part of which has ever been paid. The demurrer to the declaration was, therefore, properly overruled.

Another question which this case presents is, were the suit and proceedings therein properly instituted and conducted to final judgment, under the Act of 1864, ch. 6, regulating the return of process and taking judgments in the Superior Court and Court of Common Pleas of Baltimore City? That Act, intended to facilitate the recovery of judgments in those Courts is, by its terms, applicable to "every suit where the cause of action is a contract, whether in writing or not, or whether express or implied," provided the plaintiff files with his declaration an affidavit or affirmation stating the true amount that the defendant is indebted to him over and above all discounts, and also "the bond, bill of exchange, promissory note or other writing or account by which the defendant is so indebted." The inquiry before us, therefore, involves the question, what is the nature and character of this perso-

nal stockholder-liability? In our judgment, it is very clear, it is not in the *nature of a penalty*, like that in other sections, imposed upon the trustees, managers, directors or other officers of the corporation, for doing that which the statute expressly or by implication forbids, or the omission to do something which the law directs to be done, and, therefore, does not come within the decision in the case of the *First National Bank of Plymouth vs. Price, et al.*, 33 *Md.*, 487. The section we are now considering, not only does not forbid the contracting of debts before the capital stock is paid in, but allows it to be done on condition that those who were stockholders at the time, shall become severally and individually liable therefor. As to the true nature of this liability, there is some diversity of judicial opinion, and it is not easy to reconcile or comprehend the reasoning of all the authorities on the subject. A very elaborate and able opinion by the Court of Appeals of New York, on this question, is found in the case of *Corning vs. McCullough*, 1 *Coms.*, 47. The statute there construed, made the stockholders continuously liable for all debts of the corporation, and one of the grounds on which the Court placed the obligation, was that of contract.

The liability, they say, is for the payment of a debt of the company incurred by the purchase of merchandise of the plaintiff for the use and benefit of the company, and wherein the defendant, as one of the members, was interested, and for which he thereby, and under the provisions of the charter, became and was, concurrently with the company from the inception of the debt, personally liable. It is, therefore, virtually and in effect a liability upon a contract and the mutual agreement of the parties, not indeed in form an express personal contract, but an agreement of equally binding obligation consequent upon, and resulting from, the acts and admissions, or implied assent of the parties. Another ground there taken is, that the Legislature by subjecting the stockholders to personal liability for the debts of the company, thereby merely removed the corporate protection from them as corporators,

and left them liable as partners and associates as at common law. For these reasons the Court held the action against the stockholder was within that clause of their Statute of Limitations relating to actions of account, *assumpsit*, or on the case, founded on any contract or liability, express or implied. In a very recent case, (*Storey vs. Furman*, 25 *N. Y. Rep.*, 222,) the same Court has applied the same doctrine to a case arising under a statute similar to our own, where the liability is qualified and limited in amount. Every person, say the Court in that case, dealing with one of these manufacturing companies, organized under the Act of 1811, must also be held to trust to the personal liability of its stockholders to the extent specified in the Act of its incorporation, and such liability is part of the contract. The personal liability of the stockholder for the payment of the debts of the company, to the extent specified in its charter, became and was one of the terms of the sale to the company of any property, and constituted part of the security of the creditor for any debt contracted by the company. The Supreme Court in *Hawthorne vs. Calef*, 2 *Wallace*, 10 have decided a liability of this description is protected by the Constitution of the United States, and a law repealing or taking it away, is void as impairing the obligation of contracts. And in *Matthews vs. Albert*, 24 *Md.*, 535, this Court has said the stockholders are "*debtors* under the statute *to the creditors* of the company, to an amount equal to their stock, for all debts and contracts created while they were stockholders."

We do not wish to be understood as adopting all the reasoning of the New York cases we have cited, and especially not that which places the liability on the ground that the statute simply removes corporate exemption, and leaves the responsibility to remain as upon partners at common law, but from the best consideration we are able to give to the subject, we are satisfied the obligation does not rest so entirely upon statutory liability, as to be destitute of any of the elements of a contract. It is, in our opinion, so far an obligation arising *ex contractu*, as fairly to come within the spirit and intent of

the Act of 1864. It is a debt under the statute due from the stockholder to the creditor, springing out of and coëxistent with the contract between the corporation and the creditor. Such being its character the plaintiff may well make the affidavit thereto as he has done, the amount being within his own knowledge, and liquidated and ascertained by the account as well as the judgment against the corporation. Both the account and a short copy of the judgment were filed with the declaration, and either is within and a compliance with the 8th section of the law of 1864.

The record shows the writ of summons was made returnable to the second Monday of July, 1870, the next return day prescribed by the statute, after the suit was commenced : that on the return day the defendant appeared and filed a demurrer to the declaration : that at the following September Term, being the first term thereafter, the plaintiff entered a motion for judgment by default for want of a plea verified by affidavit : that the Court on the 16th of December, following, overruled the demurrer and entered judgment by default, for want of a plea and affidavit of defence, and on the same day, assessed the damages and entered final judgment thereon. In all this we discover no departure from the requirements of the statute, but strict conformity to the proceedings it prescribes. The case therefore does not in this respect fall within the decision in *King vs. Hicks*, 32 *Md.*, 460.

The power of the Court after judgment by default, to assess the damages on proof, without empannelling a jury is conferred by the 9th section of the Act of 1864, ch. 6, as well as by the Act of 1864, ch. 175. The amount of damages thus assessed, is not open for revision in this Court on appeal from the judgment, when no exception on that ground has been taken, unless they exceed, as they do not in this case, the amount claimed in the declaration. Finding, therefore, no ground for reversal, the judgment must be affirmed.

*Judgment affirmed.*

(Decided 20th June, 1871.)