Spear, J.
The case here in error arises out of a controversy in a suit brought by the creditors of The Champion Spring Bed Company, a corporation, against stockholders to enforce stockholders’ liability under the statute.
Certain of the existing debts of the corporation were created prior to the transfer of the stock of certain stockholders Avho sold and transferred their stock to insolvent purchasers, but the )ulk of the existing indebtedness accrued afterwards, and the controversy below was as to the division of the amount arising from assessments upon those former stockholders. The trial court held that the fund so arising should be applied in payment of the indebtedness existing at the time of the transfer, and that no part thereof should be applied to the debts of the company contracted subsequent to that date. The circuit court affirmed that judgment, and error is brought in the interest of the later creditors.
So that the question presented by the record is: *461 Where a solvent stockholder transfers his shares to one who, at the time of subjecting the stockholders’ liability to the payment of debts, is insolvent, shall the fund derived from the assessment upon such transferring stockholders be applied solely to the payment of debts of the corporation existing at the time of such transfer, or shall it be applied pro rata to all debts, regardless of when they were contracted?
Our constitutional provision is: “Dues from corporations shall be secured by such individual liability of the stockholders, and other means, as may be prescribed by law;” * * * and the statute is: “All stockholders * * * shall be deemed and held liable to an amount equal to their stock subscribed, in addition to said stock, for the purpose of securing the creditors of such company.”
It is to be noted that no method or basis of distribution is prescribed, and whether distribution is to be pro rata among creditors, or otherwise, is left to judicial determination.
It is conceded by plaintiffs in error that no decision of this court covers the proposition. But it is insisted that expressions in cases involving the enforcement of statuory liability, notably, Umsted v. Buskirk, 17 Ohio St., 114; Brown v. Hitchcock, 36 Ohio St., 667, and Harpold v. Stobart, 46 Ohio St., 397, favor the claim of the plaintiffs in error.
That claim is, in substance, that, as stated in Umsted v. Buskirk, supra, “the right arising out of this (the stockholders’) liability is intended for the common and equal benefit of all the creditors,” and from this it follows that the liability of the stockholders is to secure payment of the debts and liabilities of the corporation, not some of them but all of them; not *462 siich as may be contracted at some given period, but without restriction, all of them.
On the other hand counsel for defendants in error insist that the creditors who were such at the time the transfer of stock was made are to receive the same pro rata share as other creditors out of the general fund derived from the assessment of all solvent stock outstanding at the time of the insolvency of the corporation, and, in addition, to receive the extra amounts by reason of assessments on stock outstanding while they alone were creditors, to be applied toward the payment of such parts of their claims as remain unpaid by reason of the insufficiency of the fund raised by the general assessment.
It is not proposed here to discuss these several contentions at length, but to simply state the conclusions to which the court has arrived. For arguments pro and con, reference is had to the able briefs of counsel which precede, and to the authorities which are there cited.
It is true that the precise question has not been heretofore considered by this court, at least not in any reported case. It is further true, as we think, that excerpts from Umsted v. Buskirk, and Harpold v. Stobart, supra, to be found in the brief of plaintiffs in error, do not materially aid their contention, for, by all rules of construction, they must be held to apply to the precise question in hand, which was not this question, no matter of distribution being then before the court. An attentive consideration of those cases will show that when it is stated that the right against stockholders arising out of their statutory liability is intended for the common and equal benefit of all creditors, the context indicates that reference is had to such creditors as are in a position to demand an enforcement of the right, *463 and to them only. As to the expressions quoted from the opinion of Mcllvaine, J., in Brown v. Hitchcock, it should he remembered that they are dicta of a dissenting judge, and while apparently they seem to have been shared by the others, yet the proposition stated was not argued by the counsel, and not involved in the case before them for adjudication. What conclusion would have been reached after full argument, and under the responsibility of deciding a live question, we have no means of determining.
It having been settled by previous decisions that where holders of stock are at the time action is brought to enforce stockholders’ liability, insolvent, the liability of assignors of such stock may be subjucted to payment.of debts existing at the time of the transfer, we have as a new question, a proper rule of distribution of the fund made by assessment upon such former holders of stock; and it is not free from difficulty. Two considerations, however, lead us to the conclusion that the better reason supports the contention of defendants in error, and that the judgments below should be affirmed.
1. Those who were creditors at and prior to the transfer are in law presumed to have trusted to the responsibility of the then stockholders, as well as to the property of the corporation, and the obligation of the stockholder to the creditor is in the- nature of a contract, and although not in form an express personal contract, yet, is of equally binding force. It springs out of, and is co-existent with, the contract .between the corporation and the creditor. Brown v. Hitchcock, supra; Corning v. McCullough, 1 Comst., 47; Hawthorne v. Calef, 2 Wall., 10; Norris v. Wrenschall, 34 Md., 492; Hager v. Cleveland, 36 Md., 467. There arises, therefore, a manifest equity in favor of such creditors.
*464 2. Such transferors of stock have incurred no statutory liability to the later creditors, and OAve no contractual duty to them; nor are they in any Avay liable to them because of once having been the owners of stock. These later creditors can have no standing to demand distribution to them of a fund which arose, not from any contract with them, or with anyone for their benefit, nor by reason of any liability accruing in their favor, but from a contract wholly with others and for the benefit of others, and resting upon a liability created wholly in favor of others. Hence, the fund which accrues from assessments upon such assignors of stock can in no sense belong to the subsequent creditors, and they are, therefore, not deprived of any right by the application of such fund to the satisfaction of the debts owing to the earlier creditors.
We are of opinion that the proper rule is that as to the fund arising from assessments upon all who were stockholders at the time of the decree enforcing stockholders’ liability, all the creditors should share pro rata; but as to funds arising from assessments upon persons Avho had been stockholders but had assigned their stock in good faith before the insolvency of the corporation, such funds should be applied to the residue, if any, owing to creditors who were such at the time of the assignment of the stock, the liability of such transferors of stock being subject to the limitations stated in Harpold v. Stobart.

Judgment affirmed.