# COULBOURN BROS *vs.* MARY S. BOULTON.

*Statutory Liability of Stockholders to Creditors Enforceable Under the Practice Act—Statement of Defendant's Indebtedness.*

The Practice Act of Baltimore City (Local Code Art. 4, sec. 312), authorizes a party having a claim for a definite sum of money arising *ex contractu* to obtain a judgment against the debtor within fifteen days from the return day to which the defendant shall have been summoned unless a certain plea and affidavit be filed. The plaintiff brought an action against the defendants under this statute and set forth as his cause of action that he was a creditor of the City Trust and Banking Company, an insolvent corporation; that the defendants are stockholders in the company and that under Code Art. 23, sec. 85L, all the stockholders are liable to the creditors of the corporation for double the amount of stock held by them. *Held*, that the statutory liability of stockholders to creditors of the corporation is not penal, but is so far contractual in its nature as to be enforceable by a suit brought under the Practice Act.

The said Practice Act provides that the plaintiff shall file with the declaration the writing or account by which the defendant is indebted, or if the action be founded upon a verbal or implied contract shall file a statement of the defendant's indebtedness thereunder with an affidavit stating the true amount thereof. In this case, where the action was to enforce defendant's statutory liability, as a stockholder in the City Trust and Banking Company, to the plaintiff, as a creditor of the company, the affidavit filed with the declaration followed the language of the Act, and the account set forth the dates and amounts of all deposits made by the plaintiff with the City Trust and Banking Company with credit for the money withdrawn. *Held*, that this account was sufficient under the Act to notify the defendants of the nature and amount of the plaintiff's claim.

*Held*, further, that it was not necessary for the plaintiff to file with the declaration the bank-book kept with the corporation and the certificates of stock issued to the defendants, because these are not the cause of action in this case, and the defendant's statutory liability could be established without the production of either.

*Held*, further, that, although the record does not show that the charter of the Trust and Banking Company was offered in evidence, it will be assumed on appeal from a judgment against a stockholder that all the necessary proof was before the trial Court.

Appeal from the Court of Common Pleas (WRIGHT, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, BOYD, PEARCE SCHMUCKER and JONES, JJ.

*Alonzo L. Miles* (with whom was *Arthur P. Gorman, Jr.*, on the brief), for the appellants.

*Edwin J. Farber* and *Lindsay C. Spencer*, for the appellee.

JONES, J., delivered the opinion of the Court.

It appears from the record in this case that on the 22nd day of September, 1903, the appellee instituted in the Court of Common Pleas of Baltimore City an action of assumpsit against the appellants. The declaration setting forth the plaintiff's cause of action was filed at the institution of the suit and was accompanied with a statement of the particulars of the indebtedness of the defendants to the plaintiff according to the plaintiff's claim; as also with the affidavit of the plaintiff that there was justly due and owing by the defendants to the plaintiff "as per said declaration and on the annexed accounts the sum of fourteen hundred and four dollars and sixty cents ($1,404.60) with interest from June 6th, 1903, over and above all discounts." There was also appended to the declaration a notice that upon their appearance to the action a rule would be laid upon the defendants requiring them to plead to the declaration "within fifteen days thereafter in accordance with the Act of 1886, ch. 184, or judgment by default" would be entered against them.

The writ in the case was issued on the 22nd day of September, 1903, and was made returnable on the second Monday of October following, which was the next rule day under the provisions of the Act of 1886, ch. 184, to which reference was made in the notice to plead. On the 12th of October, being the second Monday of the month, the Sheriff made return "Summoned *Ambo*, copy of *narr.* and notice to plead left with each defendant." On the 13th of October, the defendants having failed to appear, an appearance was entered by the clerk in accordance with the Act of 1886. On the

28th of October the plaintiff's connsel filed a motion in writing for a judgment by default against the defendants "for want of a plea verified by affidavit" and on the same day the Court entered judgment against the defendants by its order as follows: "Upon legal and satisfactory proof of the correctness and amount of the claim for which the above suit was brought, being produced to the Court. It is ordered, this 28th day of October 1903, that the judgment by default in this cause be extended for one thousand four hundred and thirty-eight dollars and seven cents ($1,438.07) damages assessed by the Court with interest from October 28th, 1903, and costs of suit." On the 5th of November following the entry of the judgment in the case the defendants, by their attorneys, filed in the cause a motion to strike out the same alleging as reasons therefor:

"*First.* Because the judgment was obtained against them by mistake.

"*Second.* Because the said judgment was entered against them by default, when, as a matter of fact, they were not in default.

"*Third.* Because the suit in this case was docketed on the twenty-second day of September, nineteen hundred and three, and the process thereon was made returnable to the second Monday of October, that is to say, October 12th, nineteen hundred and three; that the defendants had until the next return day of this Court, that is to say, the second Monday of November, nineteen hundred and three (November 9th, 1903), in which to file a plea, but that prior to said second Monday of November, nineteen hundred and three; to wit on October 28th, nineteen hundred and three, judgment was entered by default against the defendants.

"*Fourth.* That the cause of action filed in this case does not disclose such a contract or such information as to enable the Court to order judgment to be entered by default in fifteen days from the return day, to which the defendants had been summoned, under the provisions of ch. 184 of the Acts of the General Assembly of Maryland, of 1886.

"*Fifth*. That the defendants believe that they have a good and sufficient defense upon the merits of the case."

On the 23rd day of June, 1904, the Court overruled the motion so made by the defendants to strike out the judgment that had been entered in the case and thereupon the defendants ordered the entry of an appeal "from the order of the Court overruling motion to strike out judgment."

The appellee instituted the suit and proceeded therein under the Act of 1886, ch. 184, now secs. 303 to 319 inclusive of the Charter of the City of Baltimore (Act of 1898, ch. 123), and the inquiry on this appeal, and upon the grounds urged for striking out the judgment rendered by the Court below, is whether the case at bar is one falling within the provisions of sec. 170 of the Act of 1886, ch. 184, now sec. 312 of the Charter of Baltimore City. The appellants (defendants below) have assigned no reasons why they were prevented from appearing to the suit and making defense thereto in accordance with the requirements of the section of the law just referred to. It is expressly provided therein that unless the defendant to an action brought under its provisions appears thereto and pleads as therein provided judgment may be entered against him, as it was entered in this case, "at any time after fifteen days from the return day to which the defendant shall have been summoned." If therefore the case is within the provisions of law referred to, and these provisions have been upon the part of the appellee (plaintiff below), complied with, the judgment was properly entered and the defendants cannot now be heard to complain of it. *Gemmell v. Davis*, 71 Md. 458.

Now what is the case to which the provisions of the Act of 1886, ch. 184, have here been applied? The *narr.* in the case besides one of the ordinary common counts, contains two special counts from which it appears that a corporation known as the City Trust and Banking Company had been incorporated with, among others, the power to receive money on deposit and pay out the same; that the appellee had deposited money with the said corporation to the amount, with some interest

that had accrued, of fourteen hundred and four dollars and sixty cents; that the corporation had become insolvent and its affairs had gone into the hands of receivers; that its act of incorporation had made it subject to secs. 85A to 85L inclusive of Art. 23 of the Code, Title Corporations, as enacted by the Act of 1892, ch. 109; and that the appellee's suit was to enforce against the appellants, as stockholders of the said corporation, the liability imposed by sec. 85L which is in these words: "each stockholder shall be liable to the depositors and creditors of any such corporation for double the amount of stock at the par value held by such stockholder in such corporation." It has been decided by this Court in the case of *Murphy* v. *Wheatley and others, infra*, heard at the October Term 1904, that the stockholders, of the corporation mentioned; and in which the appellants are alleged to hold stock, are subject to the liability provided for in this sec. 85L by virtue of its operative effect as a part of the general law relating to corporations. Before taking up the questions presented by the record it may be remarked that it will be seen from the dates given that the case is to be disposed of without reference to the Act of 1904, ch. 101 and 337.

The first contention of the appellant is that the liability of the stockholders under the provision of law in question is not contractual, but penal in its character and therefore suits to enforce it are not within the purview of sec. 170 of the Act of 1886, ch. 184. The case of *Norris* v. *Wrenschall*, 34 Md. 492, would seem to be decisive of this question. In that case the action was brought to enforce a stockholder's liability under sec. 52 of Art. 26 of the Code of 1860, which provided that all stockholders of such corporations as were therein referred to should be liable to the creditors of the corporation, &c., to an amount equal to the amount of stock held by them for all debts and contracts made by the corporation until the whole amount of the capital stock of the corporation should be paid in. The action in the case was brought and the proceedings had under the Rule Day Act then in force (Act 1864, ch. 6), and it was held that the liability of the stockholder there being

considered was "so far an obligation arising *ex contractu*, as
fairly to come within the spirit and intent of the Act of 1864."
It is sought to distinguish the case of *Norris* v. *Wrenschall*,
from the one at bar because of the difference between the lia-
bility that was being enforced in that case and that which is
sought to be enforced here.    It is claimed that this difference
gives a penal character to the liability imposed upon the
stockholder by the section of the incorporation law here in
question.    There is no difference however in the nature and
character of the liability imposed by the provision of law now
under consideration and that provided in the sec. 52 of the
Code of 1860.    The liability imposed in this last-mentioned
section was, as is that imposed by sec. 85L of the present
Code (Act of 1892, ch. 109), one that was superadded by the
statute to such as might attach to the stockholder as a consti-
tuent part of the corporation and merely by virtue of that re-
lation to the corporation.    In such instance the liability im-
posed upon the stockholder is in the language of the Court in
*Norris* v. *Wrenschall*, "a debt under the statute due from the
stockholder to the creditor, springing out of and co-existent
with the contract between the corporation and the creditor."
The Court also distinguishes in the case just referred to, be-
tween a liability in the nature of a penalty and one which is
in its nature contractual by pointing out examples of the for-
mer as being such as was "imposed upon the trustees, man-
agers, directors or other officers of the corporation, for doing
that which the statute expressly or by implication forbids, or
the omission to do something which the law directs to be
done."    And then goes on to say that the provisions of law
then being considered not only did not forbid the contracting
of debts before the capital stock was paid in, but allowed "it
to be done on condition that those who were stockholders at
the time," should "become severally and individually liable
therefor."    So it may be said here of the provision of law we
are now considering that it does not forbid the contracting of
obligation with creditors and depositors but one of the very
objects of the corporation, with which we are here concerned

was the contracting of such obligations and "springing out of" these obligations as they were contracted was the liability of the individual stockholders, the constituents of the corporation, as a part of the contractual rights acquired by these creditors and depositors for their better security.    In the case of *Hager* v. *Cleveland*, 36 Md. 476, it was held that the liability imposed upon stockholders by the section of the Code of 1860, there under consideration, was so far contractual in its nature that, having once been incurred, the stockholder was not relieved of his obligation to a creditor by transfer of his stock and ceasing to be a member of the corporation.    In the case of *Miners and Merchants' Bank of Lonaconing* v. *Snyder*, decided at the October Term, 1904, of this Court *ante* p. 57, though the point we are now considering did not there distinctly arise, the contractual nature of the liability imposed upon stockholders by sec. 85L here in question, was fully recognized.    In this same connection see also 10 *Cyc.* 680, where is to be found, in an exhaustive treatise on the law of corporations, a clear, and what is believed to be, a sound statement of the law as to the nature of this statutory stockholder's liability.

The further contention of the appellants is that, if the appelle had, in this case, a cause of action which, as to the proceeding to enforce it, comes within the Act of 1886, chapter 184, the provisions of this Act were not complied with, so as to give the Court below jurisdiction to render judgment therein.    In support of this contention it is urged that the account and affidavit which the statute requires of a plaintiff when seeking to avail of its provisions are defective.    The statute requires that the plantiff, "Shall file with his declaration an affidavit or affirmation  *  *  *  stating the true amount the defendant is indebted to him, over and above all discounts, and shall file the bond, bill of exchange, promissory note or other writing or account, by which the defendant is so indebted ; or if the action be founded upon a verbal or implied contract, shall file a statement of the particulars of the defendant's indebtedness thereunder."    As has been seen the

plaintiff's affidavit in this case which accompanied the account filed, was in the very language of the statue and complied with its terms in stating the indebtedness of the defendants. The account filed with the affidavit, which was for money due the plantiff as a depositor with the corporation of which the defendants were stockholders, set forth the dates and amounts of all deposits made by the plaintiff with the corporation and the aggregate thereof with credits for money withdrawn. This was accompanied with a statement of account with the defendants showing this aggregate of the money deposited with the corporation, "as per the annexed account of the City Trust and Banking Company" as constituting the indebtedness of the defendants to the plaintiff. It is not easy to suggest how the plaintiff could have given to the defendants more specific information of the nature, items and amount of the claim made against them.

It is also urged that the plaintiff to comply with the statute should have filed the bank book kept with the corporation in question and the certificates of stock issued to the defendants with the affidavit as the cause of action in the case. Neither the plaintiff's bank book nor the defendants' certificates of stock was the cause of action in the case. The cause of action was an implied contract arising out of the liability imposed by the statute upon the defendants by reason of the relation of the plantiff, as depositor, to the corporation in which the defendants held the stock. What the statute (1886 chapter 184) required in such a state of case, as has been seen, was that the plantiff should "file a statement of the particulars of the defendant's indebtedness" under such contract. Either the bank book or the certificates of stock could be used as pertinent evidence as tending to establish the plaintiff's cause of action but the latter existed independently of either the bank book or the certificates of stock and was susceptible of being established by other proof and without necessary resort to either as evidence.

Again it is said the charter of the City Trust and Banking Company was not offered in evidence. It is unnecessary to

inquire here whether in the circumstances of this case it was  at all necessary that the said charter should have been offered in evidence to authorize the Court below to enter up judgment.  The Court was authorized to assess the damages and extend the judgment without the aid of a jury (section 314, charter of the City of Baltimore) and the order of the Court which has been set out recited that the judgment was entered "upon legal and satisfactory proof of the correctness and amount of the claim for which the above suit was brought being produced to the Court."  We must assume that the necessary and proper proof was before the Court as a basis of its action there being nothing in the record to show the contrary.

The order of the Court overruling the motion to strike out the judgment in the case must be affirmed.

*Order affirmed with costs to the appellee.*

(Decided January 17th, 1905.)